BAHGAT, APPELLEE, *v.* BAHGAT, APPELLANT.

(No. 82AP-673—Decided November 18, 1982.)

*James K. Hunter III Co., L.P.A.,* and *Mr. James K. Hunter III,* for appellee Roberta L. Bahgat.

*Mr. E. Ibrahim Bahgat, pro se.*

NORRIS, J. E. Ibrahim Bahgat appeals from an order overruling his motion seeking an order requiring his former wife, Roberta L. Bahgat, to pay a reasonable amount as child support for their two children.

When the parties' marriage was terminated on September 9, 1980, by a decree of dissolution, the trial court adopted a separation agreement, signed by the parties approximately one month earlier, which provided that Mr. Bahgat would have custody of the children and included this language:

"It is agreed that Wife shall pay no child support to Husband, and Husband agrees that he shall fully provide for the support, maintenance and education of the minor children of the parties. This agreement is based on Husband's desire and interest in assuming the responsibility of providing and caring for the children. In addition to Wife's transferring of her equity interest in the parties' real estate as provided in paragraph C, Article 2 hereof, such equity, after the payment of all parties' debts prior to separation, is estimated at $5,700.00."

On April 20, 1981, Mr. Bahgat filed his motion for child support asserting that there had been a substantial change in the circumstances of the parties in the seven months since the dissolution, due to a decline in his income, an increase in his expenses in rearing the children, and an increase in Mrs. Bahgat's income.

At the hearing, evidence indicated that Mr. Bahgat's 1980 gross salary of $20,689.60 had increased to $23,599.66 in 1981; that Mrs. Bahgat's 1980 salary of $17,233.35 would increase to $19,483 during 1981; and that commissions earned by Mr. Bahgat as a part-time real estate salesman would decline from $12,592 in 1980 to $4,414 in 1981. Although Mr. Bahgat had asserted his expenses in caring for the children had increased, the referee found that $72 per week was being spent for day care at the time the separation agreement was signed, and that, although Mr. Bahgat's brother and sister-in-law had cared for the children without charge for a time after the dissolution, the $69.70 per week Mr. Bahgat later had to pay was actually less than that paid at the time of the separation agreement. The referee also concluded that fees Mr. Bahgat paid after the dissolution for a family membership in an exercise club and for horseback riding lessons for the children were not in line with the standard of living enjoyed by the children during the marriage and, therefore, should not be legitimately regarded as increased expenses for child care. The referee further found that, pursuant to Article 5 of the separation agreement, Mrs. Bahgat had transferred $24,500 of her equity in real estate to Mr. Bahgat in lieu of periodic child support payments and had thus, in effect, paid child support in advance.

In addition, the referee found that the evidence was unclear as to how much of Mr. Bahgat's real estate income was actually available to the family, in view of his testimony that he used portions of it to purchase gifts for persons providing leads and for entertaining prospective customers.

Mr. Bahgat raises five assignments of error:

1. "The Trial Court made a finding which is unsupported by the evidence, contrary to the weight of evidence, and further abused its discretion in overruling Petitioner, E. Ibrahim Bahgat's motion to impose an Order of Child Support upon Petitioner, Roberta L. Bahgat."

2. "The Trial Court erred and abused its discretion by refusing to impose a support order upon Petitioner Roberta L. Bahgat."

3. "The Trial Court erred by failing to establish the monetary amount necessary for the support of the children

and reach equitable division of the child support between both petitioners."

4. "The Trial Court erred and abused its discretion in adopting Article V of the Separation Agreement as a contract by which the Petitioner Roberta L. Bahgat escaped her responsibility to support the minor children."

5. "The Trial Court erred, abused its discretion and further violated a public policy by failing to recognize the welfare of the minor children, and their rights to a standard of living commensurate with the incomes of their parents."

In essence, Mr. Bahgat argues that the trial court abused its discretion in overruling his motion, in view of the evidence. We disagree.

It appears that the basis of the trial court's action was its belief that neither the financial resources of the parties nor the needs of their children had changed so substantially in the seven months intervening since the dissolution as to require a modification of the pre-existing order.

The continuing jurisdiction of a trial court to modify an existing order for child support is to be exercised only when there has been a substantial change in circumstances since the previous order was entered. *Lucas* v. *Lucas* (1961), 114 Ohio App. 474, 477 [19 O.O.2d 467]. Where modification of an existing child support order is requested, the threshold determination is whether the order *can* be modified, and that requires a finding of a change in circumstances. Only if this necessary prerequisite has been satisfied may the trial court move on to a consideration of whether the order *should* be modified. This consideration requires a re-examination of the propriety of continuing the existing order in view of the changed circumstances. In essence, it in-

volves a fresh look at the circumstances of the parents and of the children as the trial court finds them at the time of the modification hearing, in the context of the language of R.C. 3109.05(A), which applies to modification of child support orders as well as to the entry of original orders. *Bright* v. *Collins* (1982), 2 Ohio App. 3d 421.

The usual method of addressing the threshold determination of whether a substantial change in circumstances has occurred is by introduction of proof of a change in the financial resources of the parents, or of a change in the needs of the children receiving support. That approach is logical since most child support orders involve a sharing by both the custodial and non-custodial parents of the burden of child support under circumstances where the trial court has determined the amount reasonable for child support and apportioned that amount between the parties in an equitable manner in order to arrive at the amount of the child support order. See *In re Machmer* (1981), 2 Ohio App.3d 84; *Bright* v. *Collins, supra,* at 424.

However, the existing child support order in this case is not the usual kind of order; it is one of those rare orders which embodies the express agreement of one parent to assume sole responsibility for the future support of the parties' children. Accordingly, when that parent seeks to modify the order, it seems to us that the change of circumstances which must be established as a precondition to an examination of the continuing validity of the order is somewhat broader than is the case with the usual form of support order. Because the trial court's order that one party be solely responsible for child support is based upon an agreement of the parties and is therefore contractual in nature,[1] the question is whether the cir-

---

[1] By contrast, in the usual situation of shared support obligations, the agreement of the parties in a separation agreement underly-

ing a support order addresses only the apportionment of that joint obligation.

cumstances of the support obligor have changed to the extent that he no longer has the ability to provide the entire support of the children — not whether the financial resources of the parents or the needs of the children have changed to the extent that the amount of the existing order and the apportionment of its obligations must be re-examined. Special evidentiary concerns which must be taken into consideration include the assets of the obligor which may be utilized to satisfy the support obligation, his income, his ability to earn extra income, and whether by limiting his own standard of living he will free up financial resources for the support of the children. Only if the trial court concludes that the obligor is no longer in a position to provide the total amount reasonable for the support of the children, should the trial court then proceed to re-examine the existing order in the interest of assuring that the children receive a proper level of support.

Here, Mr. Bahgat did not establish that he could not continue as the sole provider of support for his children. The evidence did not indicate that he could not have earned more real estate commissions, only that he had earned less. He had received a substantial transfer of assets from Mrs. Bahgat. He made major purchases of furniture following the dissolution, joined an exercise club, purchased riding lessons for the children, and enjoyed an increase in his salary.

Accordingly, under the circumstances of this case, we are unable to say that the trial court abused its discretion in refusing to modify the previous order. The assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE, P.J., and REILLY, J., concur.