ANDERKIN, Appellant,

v.

LANSDELL, Appellee.

[Cite as *Anderkin v. Lansdell* (1992), 80 Ohio App.3d 687.]

Court of Appeals of Ohio,
Clermont County.

No. CA91–11–093.

Decided July 13, 1992.

*Frank W. Malott,* for appellant.

*Priscilla O'Donnell,* for appellee.

*Per Curiam.*

This cause came on to be considered upon a notice of appeal, the transcript of the docket and journal entries, the transcript of proceedings and original papers from the Clermont County Court of Common Pleas, Domestic Relations Division, and upon the briefs and oral arguments of counsel. Now, therefore, the assignment of error having been fully considered is passed upon in conformity with App.R. 12(A) as follows:

On February 21, 1986, a decree of dissolution terminated the marriage between appellant, John Anderkin, and appellee, Lynn R. Anderkin Lansdell. Appellant was awarded custody of their three children pursuant to a separation agreement which was incorporated into the decree. The agreement provides the following regarding child support:

"ARTICLE 3. CHILD SUPPORT.

"Wife shall not be responsible to pay to the Husband any money as and for child support for the benefit of the minor children of the parties."

On April 22, 1991, appellant filed a motion to modify support. At that time, only one of the three children was still a minor. Following a hearing on the motion, the referee recommended that appellee be ordered to pay child support in the amount of $210.22 per month. The trial court subsequently overruled the recommendation and found that appellee was not obligated to pay appellant any child support.

Appellant now appeals to this court from the trial court's decision denying him child support. In his sole assignment of error, appellant argues that the trial court abused its discretion in deviating from the child support order which would have resulted from the application of the basic child support schedule and applicable worksheet. Appellant contends that the trial court should have modified the prior support order and awarded him child support in accordance with the provisions of R.C. 3113.215.

 R.C. 3113.215 dictates the method for computing the amount of child support to be awarded when a new child support order is issued and when an existing child support order is modified. Specifically,

"[I]n any action in which a child support order is issued or modified under * * * section * * * 3109.05 * * * of the Revised Code * * *, the court shall calculate the amount of the obligor's child support obligation in accordance with the basic child support schedule * * *, the applicable worksheet * * *, and the other provisions of this section * * *." R.C. 3113.215(B)(1).

However, a trial court has jurisdiction to modify an existing child support arrangement "only when there has been a substantial change in circumstances since the previous order was entered. * * * [T]he threshold determination is whether the order *can* be modified, and that requires a finding of a change in circumstances." (Emphasis *sic.*) *Bahgat v. Bahgat* (1982), 8 Ohio App.3d 291, 293, 8 OBR 386, 388, 456 N.E.2d 1239, 1242.

 The test for determining whether a substantial change in circumstances has occurred depends upon the nature of the existing child support arrangement. *Bahgat, supra.* We hold that the following rules must be applied by a trial court in making the threshold determination of whether there has been a substantial change in circumstances such that the existing child support arrangement can be modified:

1. Where the existing child support arrangement is a "child support order," defined as an order for the payment of child support in R.C. 3113.-215(A)(6), the test for determining whether the child support can be modified is the ten percent threshold test established in R.C. 3113.215(B)(4). In

applying this test, the trial court must recalculate the amount of support in accordance with the schedule and applicable worksheet, and if the recalculated amount "is more than ten per cent greater than or more than ten per cent less than the amount of child support that is required to be paid pursuant to the existing child support order, the deviation from the recalculated amount * * * shall be considered by the court as a change of circumstance that is substantial enough to require a modification of the amount of the child support order." R.C. 3113.215(B)(4).

2. Where the existing child support arrangement is not a "child support order" within the meaning of the statute but instead is an agreement under which the custodial parent assumes sole responsibility for the support of the children and the noncustodial parent is not required to make child support payments,[1] the test for determining whether the child support can be modified is the following dual threshold test:

(A) If the supporting custodial parent's circumstances have changed to the extent that that parent can no longer provide the total amount reasonable for the support of the children, then the trial court can modify the existing child support arrangement. *Bahgat, supra.*

(B) If the noncustodial parent's circumstances have changed substantially and the trial court in its discretion finds it is in the best interest of the children to receive support from that parent, then the trial court can modify the existing child support arrangement, even though the supporting parent is still able to provide the total amount reasonable for the support of the children.

■ If the trial court determines, by applying the appropriate threshold test as outlined above, that the existing child support arrangement can be modified, the trial court must then comply with the requirements of R.C. 3113.215 for computing the amount of child support to award. Additionally, the statute allows the trial court to deviate from the child support amount calculated according to the schedule and applicable worksheet if the court determines that the amount "would be unjust or inappropriate and would not be in the best interest of the child" and enters facts supporting that determination in its journal. R.C. 3113.215(B)(1).

■ In this case, the existing child support arrangement is not a statutorily defined "child support order" but an agreement for the custodial parent, appellant, to assume sole responsibility for the support of his children.

---

1. See *Lehman v. Lehman* (June 24, 1991), Brown App. No. CA90–09–010, unreported, 1991 WL 116348, jurisdictional motion overruled (1991), 62 Ohio St.3d 1456, 579 N.E.2d 1394.

Accordingly, the threshold test for determining whether this arrangement can be modified is the dual threshold test discussed above.

In its decision, the trial court found that "the 10% threshold for substantial change in circumstances has been met." The court incorporated into its decision the referee's calculation of $210.22 child support per month, computed according to the schedule and applicable worksheet. The court then concluded that "deviation [from the calculated amount of child support] is appropriate * * * because to order otherwise would be unjust, inappropriate, and not in the best interest of the child, based on extraordinary circumstances" and held that appellant was not entitled to receive any child support from appellee.

The trial court's analysis of appellant's motion to modify support is erroneous under the dual threshold test outlined above. Accordingly, we find the denial of the motion to be unreasonable, arbitrary, and an abuse of discretion. *Booth v. Booth* (1989), 44 Ohio St.3d 142, 541 N.E.2d 1028. We therefore reverse the trial court's decision and remand this case for the court to make the appropriate threshold determination. If the court determines on remand that appellant is no longer in a position to provide the total amount reasonable for the support of the child or that appellee's circumstances have changed substantially and it would be in the best interest of the child to receive support from appellee, then the court should apply R.C. 3113.215 to calculate the amount of child support. At that point, if appropriate, the court may deviate from the calculated amount according to the requirements of R.C. 3113.215(B)(1).

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and this cause is remanded for further proceedings according to law and not inconsistent with this decision.

It is further ordered that a mandate be sent to the Clermont County Court of Common Pleas, Domestic Relations Division, for execution upon this judgment and that a certified copy of this Memorandum Decision and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

*Judgment accordingly.*

KOEHLER, P.J., WALSH and HENDERSON, JJ., concur.

JOHN W. HENDERSON, J., of the Clark County Court of Common Pleas, sitting by assignment pursuant to Section 5(A)(3), Article IV, Ohio Constitution.