**RICKER, Appellant,**

v.

**RICKER, Appellee.**

[Cite as *Ricker v. Ricker* (1995), 102 Ohio App.3d 209.]

Court of Appeals of Ohio,
Third District, Putnam County.

No. 12-94-3.

Decided March 28, 1995.

*Johnson Law Office* and *Scott R. Gordon,* for appellant.

*Gooding, Huffman, Kelly & Becker* and *John C. Huffman,* for appellee.

---

THOMAS F. BRYANT, Presiding Judge.

This is an appeal from a judgment of the Court of Common Pleas of Putnam County ordering appellant, Dan J. Ricker, to pay child support.

Appellant and appellee, Carol A. Ricker, were granted a divorce on July 13, 1987. Appellant was given custody of the parties' two minor children with appellee being granted summer visitation. The parties agreed that appellee would not be required to pay child support.

In December 1991, the parties filed a joint motion for modification of residential parent. The parties agreed that appellee would become the residential parent with appellant having visitation rights. No child support was ordered.

On February 28, 1994, the Putnam County Child Support Enforcement Agency ("CSEA") sent a notice to the court and parties concerning its findings and recommendations as to child support.[1] Appellant requested a court hearing to contest the CSEA's findings and recommendations.

---

1. The CSEA notice states that its investigation was undertaken pursuant to R.C. 3113.216(3), but there is no such statute. We assume the CSEA commenced its investigation as provided in R.C. 3113.216(B)(3).

After hearing, the court ordered appellant to pay child support in the amount of $423.67 per month plus poundage as found by the CSEA. The court's order was based on its finding of a substantial change of circumstances.

On appeal, appellant asserts one assignment of error:

"The trial court erred to the prejudice of the appellant when it ordered appellant to pay child support."

Both parties testified at hearing that child support was never discussed at the time the change of custody occurred in 1991. Appellee testified she was aware in 1991 that residential parents may have a right to receive child support, but she did not request it. Her only testimony concerning a present change of circumstance was the increased cost to support the children as they grow older because their clothes are more expensive, they consume more food and they go on school field trips.

The trial court found a substantial change of circumstances, but did not indicate in its judgment entry what constitutes that substantial change. At hearing, the trial court indicated that the change of custody was a change of circumstances.

When the parties have agreed that no child support will be paid and the custodial parent later seeks child support, the court must determine "whether the circumstances of the support obligor have changed to the extent that he no longer has the ability to provide the entire support of the children—not whether the financial resources of the parents or the needs of the children have changed to the extent that the amount of the existing order and the apportionment of its obligations must be re-examined." *Bahgat v. Bahgat* (1982), 8 Ohio App.3d 291, 293–294, 8 OBR 386, 388, 456 N.E.2d 1239, 1242.

To re-examine an existing order, the court must first determine that the obligor is no longer able to provide the total amount reasonably necessary to support the children. *Id.*, 8 Ohio App.3d at 294, 8 OBR at 389, 456 N.E.2d at 1242.

In *Anderkin v. Lansdell* (1992), 80 Ohio App.3d 687, 691, 610 N.E.2d 570, 573, the Court of Appeals for Clermont County expanded the *Bahgat* ruling to a dual threshold test. First, if the residential parent no longer can provide the total amount reasonable for the support of the children, the trial court may modify the existing child support arrangement. Second, if the noncustodial parent's circumstances have substantially changed and the trial court finds it would be in the best interest of the children to receive support from that parent, the trial court may modify the existing child support arrangement even if the custodial parent is capable of providing the total amount reasonable for the support of the children.

In this case, the trial court made no finding that appellee is no longer able to provide the total amount reasonable for the support of the children. The court also did not find that appellant's circumstances have changed substantially making it in the best interest of the children to receive support from appellant. We further note that testimony at the hearing established that appellee is living with her fiance, who pays the rent and buys food for the family. In accordance with R.C. 3113.215(B)(3)(h), the trial court may consider benefits received by a parent from sharing living expenses with another person. There is no evidence in the record that the trial court or the CSEA considered those benefits received by appellee in making this determination concerning child support.

Having found that the trial court did not make any finding necessary to a decision ordering child support in this matter, appellant's assignment of error is sustained. Should the trial court find no substantial change of circumstances on remand, it will have no jurisdiction to consider the matter further. *Bahgat*, 8 Ohio App.3d at 293, 8 OBR at 388, 456 N.E.2d at 1242.

The judgment of the Court of Common Pleas of Putnam County is reversed and this cause is remanded to that court for further proceedings according to law and not inconsistent with this opinion.

*Judgment reversed*
*and cause remanded.*

HADLEY and SHAW, JJ., concur.