**95–2591.** Sharon Village, Ltd. v. Licking Cty. Bd. of Revision. Board of Tax Appeals, No. 94–M–1214. On motion for admission *pro hac vice* by Robin J. Levine, Esq., for Anthony R. Thompson, Esq. Motion granted.

**95–2594.** Derby Downs, Ltd. v. Licking Cty. Bd. of Revision. Board of Tax Appeals, No. 94–M–1215. On motion for admission *pro hac vice* by Robin J. Levine, Esq., for Anthony R. Thompson, Esq. Motion granted.

**95–2596.** Cherry Lee, Ltd. Realty Dev. Co., # 3 v. Licking Cty. Bd. of Revision. Board of Tax Appeals, Nos. 94–M–1325 and 94–M–1326. On motion for admission *pro hac vice* by Robin J. Levine, Esq., for Anthony R. Thompson, Esq. *Motion granted.*

**96–221.** State v. Gillard. *Stark County,* No. 95CA257. On motion to remand and on motion for stay of execution. Motions denied.

STRATTON, J., dissents.

**96–372.** State v. Lester. *Hamilton County,* No. C–950451. On motion for bail. Motion denied.

**96–423.** State v. Biros. *Trumbull County,* No. 91–T–4632. On motion for leave to file delayed appeal. Motion granted.

**96–460.** State v. Voorhies. *Guernsey County,* No. 94CA8. On motion for stay of execution. Motion denied.

**96–471.** State v. Toriello. *Summit County,* Nos. 17415 and 17507. On review of order certifying a conflict. The court determines that a conflict exists; *sua sponte,* cause held for the decision in 95–1377 and 95–1466, *State v. Gustafson,* Mahoning County, No. 94 C.A. 232; briefing schedule stayed.

**96–487.** State v. West. *Montgomery County,* No. 13321. On motion for leave to file delayed appeal. Motion denied.

**96–529.** DePalmo v. DePalmo. *Stark County,* No. 95CA0224. On review of order certifying a conflict. The court determines that a conflict exists; the parties are to brief the issue stated in the court of appeals' Judgment Entry Certifying Conflict, filed February 28, 1996:

"Upon Motion by Appellant, and pursuant to Ohio Appellate Rule 25, this Court hereby certifies a conflict to the Ohio Supreme Court with the Third and Twelfth Appellate Districts upon the issue of whether a Trial Court may modify an existing child support arrangement under which the custodial parent assumes sole responsibility for the support of the children when there is no finding under the following dual threshold test:

"(A) the supporting custodial parent's circumstances have changed to the extent that that parent can no longer provide the total amount reasonable for the support of the children, or

"(B) the noncustodial parent's circumstances have changed substantially and the trial court in its discretion finds it is in the best interest of the children to receive support from that parent.

"See *Anderkin v. Lansdell* (1992), 80 Ohio App.3d 687 [610 N.E.2d 570] (Paragraph 2 of Syllabus). The Third and Twelfth Appellate Districts require such a finding while this Fifth Appellate District does not require this finding.

"Accordingly, because there exists a conflict among the Ohio appellate districts on this issue, it is hereby Ordered that this case be certified to the Ohio Supreme Court as in conflict with decisions of the Third and Twelfth Appellate Districts."

**96–563.** Wiley v. Gibson. *Hamilton County,* No. C–950359. On motion for emergency relief. Motion denied.

**96–677.** State v. Smith. *Butler County Court of Common Pleas,* No. CR95050471. On motion for stay of execution. Motion granted.

## DISCRETIONARY APPEALS ALLOWED

**95–2427.** Lewis v. Trimble. *Greene County,* No. 95CA37.

PFEIFER, COOK and STRATTON, JJ., dissent.