FAULKNER, Appellee,

v.

FAULKNER, Appellant.

[Cite as *Faulkner v. Faulkner* (1996), 114 Ohio App.3d 216.]

Court of Appeals of Ohio,
Twelfth District, Clermont County.

No. CA96–05–046.

Decided Sept. 23, 1996.

*Sylvan P. Reisenfeld,* for appellee.

*Kathleen D. Mezher,* for appellant.

WILLIAM W. YOUNG, Presiding Judge.

Defendant-appellant, Robert Michael Faulkner, appeals from a judgment of the Clermont County Court of Common Pleas, Domestic Relations Division, ordering him to support the minor child of appellant and plaintiff-appellee, Tammy Faulkner.

On July 13, 1990, the parties were divorced. The judgment entry and divorce decree provided as follows:

"[Appellee] mother shall be solely liable for the support of the minor child including providing medical insurance. [Appellee] accepts this obligation based on the fact [appellant] will relinquish all claim to two parcels of land * * * upon which there is a land contract for purchase. The parties agree the net equity of both parcels is at least $20,000.

"In consideration of the fact that [appellant] has an inconsistent work history, that he has a child by a former marriage for which he is under an obligation of support, that [appellee] is employed in the restaurant business and financially better able to provide for the child, it is in the best interest of the child that the provision for his care be by this one-time exchange rather than periodic."

On July 11, 1995, the Clermont County Child Support Enforcement Agency filed a motion to establish child support on behalf of appellee. Following a hearing on October 23, 1995, the magistrate issued a decision ordering appellant to pay child support of $306.93 per month and provide health insurance for the child. On December 14, 1995, the trial court overruled appellant's objections to the magistrate's decision and adopted the decision in its judgment entry. Appellant now appeals from this judgment, setting forth the following assignment of error for review:

"The trial court erred in adopting the magistrate's decision ordering appellant to pay monthly child support."

■ Where the existing child support arrangement is a "child support order" as defined by R.C. 3113.215(A)(6), the test for determining whether a child support arrangement can be modified is the ten-percent threshold test established in R.C. 3113.215(B)(4). However, where the existing child support arrangement is not a "child support order," the test for determining whether the trial court can modify the agreement is a dual threshold test established in *Anderkin v. Lansdell* (1992), 80 Ohio App.3d 687, 610 N.E.2d 570, paragraph two of the syllabus. Such a case arises where the parties agree that the residential parent will assume sole parental responsibility for the support of the child, and the nonresidential parent will make no child support payments. *Id.*

R.C. 3113.215(A)(6) defines a "child support order" simply as "an order for the payment of child support." In a case in which the trial court does not order the *payment* of child support, and merely orders a party to relinquish a claim to property, "the child support arrangement does not constitute a 'child support order' under the narrow statutory definition." *In re Dirr* (Dec. 14, 1992), Warren App. No. CA92–04–031, unreported, at 7, 1992 WL 368726.

█ In the present case, the decree provides that appellant is not obligated to make child support payments in consideration of his agreement to relinquish his claim to two parcels of land for which a land contract existed at the time of the decree. Although it involves an agreement concerning child support and may benefit the minor child, the provision does not constitute an order for the *payment* of child support under R.C. 3113.215(A)(6). See *Dirr* at 7; *Lehman v. Lehman* (June 24, 1991), Brown App. No. CA90–09–010, unreported, at 4, 1991 WL 116348. Thus, the *Anderkin* dual threshold test applies in the present case to determine whether the decree's support arrangement can be modified.

The *Anderkin* test provides the following:

"(A) If the supporting [residential] parent's circumstances have changed to the extent that that parent can no longer provide the total amount reasonable for the support of the child[ ], then the trial court can modify the existing child support arrangement.  * * * [or]

"(B) If the non[residential] parent's circumstances have changed substantially and the trial court in its discretion finds it is in the best interest of the child[ ] to receive support from that parent, then the trial court can modify the existing child support arrangement, even though the supporting parent is still able to provide the total amount reasonable for the support of the child[ ]." *Id.*, 80 Ohio App.3d at 691, 610 N.E.2d at 573.

█ Concerning this test, the trial court found that appellee's circumstances had changed and that she was "no longer able to meet [the minor child's] reasonable needs without assistance from [appellant]." The trial court also found that appellant's circumstances had changed substantially, and that it was in the minor child's "best interests to require [appellant] to contribute to [the minor child's] support at this time."

In his assignment of error, appellant argues that the trial court findings are against the manifest weight of the evidence, as the record fails to support the findings. A reviewing court may not disturb a trial court judgment as being against the manifest weight of the evidence where competent, credible evidence supports the judgment. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 410–411, 461 N.E.2d 1273, 1276–1277; *C.E. Morris Co. v. Foley*

*Constr. Co.* (1978), 54 Ohio St.2d 279, 280, 8 O.O.3d 261, 261–262, 376 N.E.2d 578, 579.

Our review of the record reveals that at the time of the decree, appellant was unemployed and had been so for two and one half years. Appellant was receiving no disability, social security, or unemployment compensation. At the time of the hearing, however, appellant was employed by the Hamilton County Maintenance Department, earning $10.28 per hour or $21,382.40 per year and had health insurance available for the minor child. While conflicting evidence exists as to the amount appellee earned at the time of the decree, the record discloses evidence that appellee earned $450 per week or $23,400 per year at the time of the decree. In contrast, appellee was earning $6.85 per hour, or $14,248 per year at the time of the hearing.

In light of the foregoing, we conclude that some competent, credible evidence exists supporting the trial court finding that appellee's circumstances changed to the extent that she can no longer provide reasonable support for the minor child. Sufficient evidence also exists supporting the trial court's finding that appellant's circumstances changed substantially between the date of the decree and the date of the hearing. We conclude, therefore, that the trial court did not err in modifying the parties' child support arrangement.

■ Appellant also argues that the trial court erred by failing to consider evidence that appellee shares living expenses with another individual. Appellant contends that this evidence demonstrates that appellee's circumstances have not changed to the extent that she can no longer reasonably support the minor child. Where no evidence to the contrary exists, a reviewing court will presume that the trial court considered all relevant factors. *Evans v. Evans* (1995), 106 Ohio App.3d 673, 677, 666 N.E.2d 1176, 1178–1179; *In re Burdine* (May 2, 1994), Brown App. No. CA93–08–009, unreported, 1994 WL 160303. We find that appellant has failed to demonstrate that the trial court did not consider this evidence in concluding that appellee's circumstances had changed sufficiently.

Moreover, we note that appellee's ability to provide the total amount reasonable for the support of the minor child is not relevant to the second threshold in *Anderkin.* Part (B) provides that a trial court can modify a child support arrangement even though the supporting parent is able to provide the total amount reasonable to support the minor child. *Id.,* 80 Ohio App.3d at 691, 610 N.E.2d at 572–573. Even assuming, therefore, that the trial court failed to consider that appellee shares living expenses with another individual, it did not err in its judgment, as either of the two thresholds permit a trial court to modify

the child support arrangement. Accordingly, appellant's sole assignment of error is hereby overruled.

*Judgment affirmed.*

KOEHLER and POWELL, JJ., concur.