Appellant, Arthur Thornburg, Jr., appeals from a judgment of the Franklin Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, finding him responsible for child support for his daughter, Sarah Thornburg.
This action was commenced by appellee, Franklin County Children Services, to declare Sarah a neglected or dependent child. Appellant was divorced from Terri Dale (f.k.a. Theresa D. Thornburg) in Fairfield County, Ohio on May 14, 1993. Preceding the divorce, appellant was convicted of molesting Sarah. As part of the divorce decree, appellant agreed to forgo contact with Sarah in exchange for being absolved from paying child support. Terri supported Sarah until November 7, 1997, when Sarah was declared to be a dependent minor and was placed in a foster home. Pursuant to R.C. 2151.36, the state sought support from both appellant and Terri.
Appellant objected to paying support for Sarah, arguing that, pursuant to his agreement with Terri, she had assumed all support obligations for Sarah. This cause came before a magistrate, who determined that appellant was required to pay full guideline support, regardless of the terms of the divorce agreement. The magistrate further granted Terri a deviation from the guideline support. Appellant filed objections to the magistrate's report, which were overruled. On appeal, appellant sets forth two assignments of error:
"ASSIGNMENT OF ERROR NO. 1:
 "THE MAGISTRATE AND THE TRIAL COURT ABUSED THEIR DISCRETION IN ORDERING ARTHUR THORNBURG, JR., TO PAY CHILD SUPPORT BECAUSE HIS FORMER SPOUSE ASSUMED THE OBLIGATION OF CHILD SUPPORT PURSUANT TO A DECREE OF DIVORCE IN EXCHANGE FOR THE HUSBAND'S AGREEMENT TO GIVE UP RIGHT OF ALL CONTACT WITH HIS CHILDREN AND THERE IS NO EVIDENCE THAT DEMONSTRATES HER INABILITY TO PROVIDE SUCH SUPPORT.
"ASSIGNMENT OF ERROR NO. 2:
 "THE MAGISTRATE AND THE TRIAL COURT ERRED AND ABUSED THEIR DISCRETION IN NOT REQUIRING THE MOTHER TO PAY GUIDELINE SUPPORT AS REQUIRED BY LAW OR MAKE THE FINDINGS REQUIRED BY SECTION 3113.215(B)(2)(C)(i)(ii), OHIO REVISED CODE."
In his first assignment of error, appellant argues that the trial court erred in ordering him to pay child support because his former wife assumed all obligation of child support pursuant to the divorce decree. The divorce decree provides in pertinent part:
 "It is further Ordered that the Defendant Theresa D. Thornburg shall be the sole and exclusive legal custodian of the minor children of the parties and that the [appellant] shall have no right of visitation with said children nor shall he have any contact with said minor children. It is further Ordered that [appellant] shall be relieved from the obligation to pay child support for said children as the complete separation and the ending of all connection between the [appellant] and the minor children is in the best interest of the minor children."
"There is an equal burden upon both parents to support their children to the extent of their ability to do so." State v.Oppenheimer (1975), 46 Ohio App.2d 241, 246. The concern of the state is to make certain that the children are adequately supported and do not become a public charge so long as one or the other or both parents are supporting them. Id. "The parent's duty of support also runs to the state. It is the duty of the state which has been codified by R.C. 2919.21, making the failure to provide adequate support a misdemeanor of the first degree." State v. Meyer (1983), 14 Ohio App.3d 69, 73. R.C. 2151.36 provides in pertinent part:
 "When a child has been committed as provided by this chapter, the juvenile court shall issue an order pursuant to section 3113.21 to 3113.219 * * * of the Revised Code requiring that the parent, guardian, or person charged with the child's support pay for the care, support, maintenance, and education of the child. * * *"
The pecuniary interest of the state in child support matters arises from the probability that the state may be able to recoup some of the funds which have already been expended in support of the child. Cuyahoga Cty. Support Enforcement Agencyv. Lozada (1995), 102 Ohio App.3d 442. Furthermore, in Bowen v.State (1897), 56 Ohio St. 235, 239, the Ohio Supreme Court held:
 "* * * [T]he duty he (a father) owes the public of saving it from the expense of supporting his children is personal and continuing, and cannot be affected by any agreement he may make with another. He must answer to the state for his omission of that duty, and look to the other contracting party for any breach of the contract."
Accordingly, while the parties may contract among themselves that one party will be solely responsible for the support of the children if the other party agrees to forego the right of companionship of the child, the state is not a party to that contract. As such, if care of the child by the state becomes necessary, the contract between the parties has no effect on the parent's statutory duty to support their minor child.
Appellant argues that this court's decision in Bahgat v.Bahgat (1982), 8 Ohio App.3d 291, is controlling in the case at bar. In Bahgat, this court held that, where one parent by express agreement has assumed sole responsibility for future support of the parties' children and that parent later seeks to modify the order, the question is whether the circumstances of the obligor have changed to the extent that he no longer has the ability to provide the entire support of the children.Bahgat is distinguishable from the case at bar in that it is not one of the parties to the agreement who is desirous of changing the agreement, but the state who now has custody of the minor child and is requiring support to be paid by both parents pursuant to R.C. 2151.36. Therefore, whether or not the circumstances of the obligor have changed are of no consequence. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant argues that the trial court erred in granting Terri a deviation from the child support guidelines. Appellant argues that the trial court failed to make the required findings before deviating from the child support guidelines set forth in R.C.3113.215(B)(2)(C)(i)(ii). Appellee argues that appellant has no standing to complain as to the agreed amount that Terri is paying towards child support.
Generally, to have standing to raise an issue, a party must allege that the challenged action caused it injury in fact and that the interest asserted is within the scope of interests protected by the statute. State ex rel. Athens Cty. Dept. ofHuman Serv. v. Wolf (1991), 77 Ohio App.3d 619, following Stateex rel. Dayton Newspapers v. Phillips (1976), 46 Ohio St.2d 457. In the case at bar, the injury asserted is not to appellant, but to Sarah, or perhaps arguably to the state. Appellant has presented no evidence that he must pay more child support because his ex-wife is paying less than the statutory guidelines. Thus, appellant does not satisfy the first requirement of standing. Appellant's second assignment of error is overruled as he does not have the requisite standing to bring the issue.
For the foregoing reasons, appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.
Judgment affirmed.
LAZARUS, P.J., and BRYANT, J., concur.