OPINION
This is the second time this matter has been appealed to our court. This time, Burt Slowbe appeals from a judgment of the domestic relations court which overruled his objections to the magistrate's report, modified his visitation with his daughter, Karen, found him in contempt of a previous court order, ordered him to pay his ex-wife's attorney fees, and ordered him to pay costs.
The history of this case reveals that on February 13, 1990, the parties filed an agreed judgment entry of divorce and subsequently have had it amended on several occasions.
In his first appeal, we remanded the case to the trial court to reconsider the credit he should receive based on a lump sum award of $11,638.00 in Social Security Benefits paid to his daughter, Karen.
On remand, the court referred the matter to a magistrate, who held a hearing on October 3, November 25, December 17 and 19, 1997, regarding the credit due and the pending motions filed by appellee concerning visitation, contempt, attorney fees and costs. During these protracted hearings, scheduled over a two and one-half month period, appellant attempted to re-litigate the issue of child support but had not filed a motion to modify the child support, and therefore, the magistrate refused to permit evidence on this subject. After the issuance of the magistrate's report, appellant filed objections and appellee filed her brief in response to those objections.
By way of a judgment entry dated October 13, 1998, the trial court modified appellant's visitation with Karen, found him in contempt for his failure to pay medical expenses for Karen, ordered him to pay a portion of appellee's attorney fees in the amount of $1,600.00, and pursuant to our remand, provided him a $4,575.61 credit, based on the lump sum Social Security payment to his daughter, Karen.
From that order appellant now appeals and sets forth four assignments of error for our review. The first assignment of error states:
 THE TRIAL COURT ERRED, TO THE PREJUDICE OF THE APPELLANT, BY HOLDING THAT THE ISSUE OF CHILD SUPPORT WAS NOT PROPERLY BEFORE THE COURT AND OVERRULING THE APPELLANT'S OBJECTIONS TO THE DECISION OF THE MAGISTRATE IN THAT REGARD.
Here, appellant maintains that although he did not file a motion to modify child support, a motion to modify his visitation had been pending, and that the issue of child support falls within the category of allocation of parental rights and responsibilities, and therefore, all matters pertaining to the issue of child support were properly before the court.
Appellee contends that her motion to modify visitation did not address the issue of child support and that appellant concedes he failed to file a motion to modify child support, which is the proper procedure to invoke the jurisdiction of the court to reconsider an award of child support.
The issue here concerns whether the trial court erred in refusing to reconsider the issue of child support.
In Andrulis v. Andrulis (1985), 26 Ohio App.3d 164, the court stated:
 Absent a motion for modification of support, the trial court's continuing jurisdiction over support is not invoked. Modification of support may be accomplished only after notice and hearing on such motion.
See also Mastandrea v. Spiros (July 29, 1995), Cuyahoga App. 68154, unreported, 1995 WL 428545.
Furthermore, in order to initiate a post decree modification of child support, a litigant must invoke the trial court's continuing jurisdiction pursuant to R.C. 3113.21.5(B)(4). InDiPalmo v. DiPalmo (1997), 78 Ohio St.3d 535, the court stated:
 We hold that when a trial court either establishes an initial child support order, or modifies an existing child support order based on an agreement under which the custodial parent assumed sole responsibility for the support of the child, the Child Support Guidelines must be followed pursuant to the standard laid out in Marker v. Grimm (1992), 65 Ohio St.3d 139, 601 N.E.2d 496. We specifically reject the dual-threshold test required by Anderkin v. Lansdell (1992), 80 Ohio App.3d 687, 610 N.E.2d 570.
 On April 12, 1990, R.C. 3113.21.5 became effective, establishing Child Support Guidelines which require a trial court to calculate the child support obligation in accordance with a detailed child support schedule and worksheet outlined in the statute. Am. Sub. H.B. No. 591. 143 Ohio Laws, Part IV, 5957, 5997. This court in Marker v. Grimm, supra, has interpreted the guidelines as follows:
 (1) A child support computation worksheet must actually be completed and made a part of the trial court's record.
 (2) This requirement is mandatory and must be literally and technically followed.
 (3) Any court-ordered deviation must be supported by findings of fact and must be journalized.
A review of the record in this case reveals that appellant conceded he failed to file a motion to modify child support and therefore, pursuant to R.C. 3113.21.5(B)(4), Andrulis and Dipalmo, the trial court properly determined that it lacked jurisdiction to modify child support. Accordingly, this assignment of error is not well taken.
The second assignment of error states:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY ORDERING A MODIFICATION OF THE APPELLANT'S VISITATION RIGHTS.
Appellant asserts that the trial court erred in modifying his visitation when it did not find a change of circumstances had occurred to justify the modification.
Appellee, however, states that the court did not need to find a change of circumstances in order to modify visitation.
The issue, then, concerns whether the trial court erred in modifying appellant's visitation rights.
In King v. King (1992), 78 Ohio App.3d 599, the court stated:
 Accordingly, while a trial court's orders with respect to visitation must be just, reasonable and consistent with the best interest of the child, an appellate court must review a trial court's decision with respect to visitation with deference and will reverse only if the trial court abused its discretion.
Recently in Braatz v. Braatz (1999), 85 Ohio St.3d 40, the court stated in paragraph two of its syllabus:
 The party requesting a change in visitation rights need make no showing that there has been a change in circumstances in order for the court to modify those rights. Pursuant to R.C. 3109.05.1(D), the trial court shall consider the fifteen factors enumerated therein, and in its discretion shall determine visitation that is in the best interest of the child.
A review of appellee's testimony offered at the October 3, 1998 hearing demonstrates that appellant consistently displays inappropriate behavior when Karen visits, in that he has read her transcripts of the divorce proceedings, played recorded conversations between himself and the appellee, and has disparaged appellee in Karen's presence. Additionally, appellee testified that Karen is extremely upset when she returns from visiting her father and that she told appellee she does not want to continue visitation with him.
The court, therefore, ordered that appellant must attend a Parent Education Seminar and file his Certificate of Attendance with the clerk, that his visits must be in the presence of his current wife, and that a therapeutic counseling procedure be implemented as directed by the court.
Our review of this case reflects that the court considered the statutory factors when it decided to modify the visitation. Further, pursuant to Braatz, the court had no obligation to find a change in circumstances before modifying visitation. Therefore, the court did not abuse its discretion in this regard. Accordingly, this assignment of error is not well taken.
The third assignment of error states:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY ORDERING THAT THE APPELLANT PAY A PORTION OF APPELLEE'S COUNSEL FEES FOR THESE PROCEEDINGS.
Appellant urges the court abused its discretion when it ordered him to pay attorney fees as a result of the motion to modify visitation.
Appellee maintains the court stated it ordered appellant to pay a portion of her attorney fees because he failed to comply with prior orders of the court, thereby requiring her to incur attorney fees to enforce those prior orders.
The issue, then, concerns whether the court abused its discretion when it ordered appellant to pay a portion of appellee's attorney fees.
Initially, we note that appellant's objection challenges the court's authority to require him to pay appellee's attorney fees absent some finding of his ability to pay. Civ.R. 53(E)(3)(b) states that:
 Objections shall be specific and state with particularity the grounds of the objection. * * *
R.C. 3105.18(H), states:
 In divorce * * * the court may award reasonable attorney's fees to either party at any stage of the proceedings, including, but not limited to, any appeal, any proceeding arising from a motion to modify a prior order or decree, and any proceeding to enforce a prior order or decree, if it determines that the other party has the ability to pay the attorney's fees to any party pursuant to this division * * * *.
 Additionally, the court in Roach v. Roach (1989), 61 Ohio App.3d 315
stated:
 Attorney fees may be awarded in connection with contempt as a sanction either for failure to comply with a court order or to compensate the aggrieved party for damages sustained by the contemnor's noncompliance.
We review attorney fee awards for an abuse of discretion. SeeOatey v. Oatey (1992), 83 Ohio App.3d 251; Swanson v. Swanson
(1976), 48 Ohio App.2d 85.
In this case, the magistrate specifically found the following:
 The Magistrate further finds that Defendant was ordered to pay 75% of the noncovered or unreimbursed medical and dental expenses of the parties minor child. Defendant has failed to pay his proportionate share of the expenses to Plaintiff in the sum of $3,334.00 from February 25, 1995 to December 19, 1997. Defendant continues to argue an inability to pay, when the evidence clearly indicates income of more then $25,000.00 with very few expenses. He should be held in contempt for his failure to abide by the Court's order regarding payment of medical expenses but permitted an opportunity to purge the contempt by immediately repaying the obligation.
Therefore, pursuant to Roach, we conclude that the court did not abuse its discretion when it ordered appellant to pay attorney tees as a result of his noncompliance with its previous order. Accordingly, this assignment of error is not well taken.
The fourth assignment of error states:
 THE TRIAL COURT ERRED BY ORDERING THAT THE APPELLANT PAY THE ENTIRE COSTS OF THESE PROCEEDING AND ABUSED ITS DISCRETION IN THIS REGARD.
Here, appellant asserts the court erred when it ordered him to pay costs incurred at the hearing because it held the hearing pursuant to the remand ordered by this court and therefore he should not be held responsible for the court costs.
Appellee claims that appellant failed to substantiate his argument with any reference to the record, case authority or statutes and therefore, this assignment of error is not properly before this court.
The issue, then, concerns whether the court erred by ordering appellant to pay the court costs incurred at the remand hearing.
Civ.R. 54(D) permits a trial court to award a prevailing party the costs of litigating that party's claim. Civ.R. 54(D) provides:
 Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs.
The court in Vance v. Roedersheimer (1992), 64 Ohio St.3d 552
stated:
 This rule gives the trial court broad discretion to assess costs, and the court's ruling will not be reversed absent an abuse of that discretion. (Citations omitted)
In the exercise of its discretion, the trial court here should have considered that both parties prevailed at the trial court level, appellant in connection with our remand order and appellee on motions filed concerning the other issues before the court. Based on these results, we conclude that the court abused its discretion when it ordered appellant to pay the entire costs of the proceedings. Accordingly, this assignment of error is well taken. Therefore, the decision of the trial court is hereby modified to the extent that the costs of the remand proceedings are to be divided equally between appellant and appellee.
Judgment modified, and as modified, affirmed.
It is ordered that appellee and appellant share equally the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Domestic Relations Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, J., and MICHAEL J. CORRIGAN, J., CONCUR.