OPINION
{¶ 1} Appellant Ronald L. Foss appeals the decision of the Richland County Court of Common Pleas, Domestic Relations Division, which modified his child support obligation following an administrative recommendation by the Richland County Child Support Enforcement Agency. The appellee is Pamela A. Foss, appellant's former spouse. The relevant facts leading to this appeal are as follows.
 {¶ 2} On April 11, 2002, Ronald and Pamela were granted a divorce in Richland County pursuant to a decree filed on that date, which included a shared parenting plan approved by the court. Ronald was ordered to pay spousal support, but child support for the parties' two minor children, Kaleb and Kendall, was set by deviation to $0 (zero dollars) per month, even though the guideline child support amount would have been $700.36 per month per child. The shared parenting agreement indicated that a deviation was warranted due to "the amount of time father will be spending with children and father will be paying all the children's clothing, medical and school expenses per O.R.C. 3119.23 (D)[and](J)." Shared Parenting Agreement at 4.
 {¶ 3} In May 2004, Richland County CSEA issued an administrative recommendation to modify appellant's child support obligation to $861.03 per month for the parties' remaining unemancipated child, Kendall. Ronald filed an administrative appeal therefrom, resulting in a hearing before a domestic relations magistrate on August 16, 2004. The magistrate issued a decision on September 3, 2004, finding Ronald's worksheet line 14 adjusted income to be $97,447 annually, and Pamela's worksheet line 14 adjusted income to be $26,567 annually. Based on these figures, the magistrate set child support for Kendall at $875.00 per month, retroactive to June 1, 2004.
 {¶ 4} Ronald thereupon filed an objection to the decision of the magistrate. On December 30, 2004, the court issued a judgment entry overruling Ronald's objections and approving the decision of the magistrate. On January 28, 2005, Ronald filed a notice of appeal. He filed his appellant's brief on March 23, 2005; Pamela has not filed an appellee's brief in response.
 {¶ 5} Ronald herein raises the following three Assignments of Error:
 {¶ 6} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FINDING THAT A SUBSTANTIAL CHANGE OF CIRCUMSTANCES JUSTIFIED A CHILD SUPPORT ORDER WITH NO DEVIATION.
 {¶ 7} "II. THE TRIAL COURT'S ORDER OF CHILD SUPPORT INCREASE WAS ARBITRARY AND CONTRARY TO THE EVIDENCE.
 {¶ 8} "III. THE TRIAL COURT'S ORDER OF GUIDELINE SUPPORT WAS UNJUST IN VIOLATION OF O.R.C. SEC. 3919.79(C) (SIC).
 I., II. {¶ 9} In his First and Second Assignments of Error, Ronald contends the trial court erred in finding the existence of a change in circumstances and granting a modification of child support. We disagree.
 {¶ 10} In Booth v. Booth (1989), 44 Ohio St.3d 142, 541 N.E.2d 1028, the Ohio Supreme Court determined an abuse of discretion standard is the appropriate standard of review in matters concerning child support. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Furthermore, as an appellate court, we are not the trier of facts. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758. Accordingly, a judgment supported by some competent, credible evidence will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279,376 N.E.2d 578.
 {¶ 11} CSEA review of court child support orders is principally addressed in R.C. 3119.63. In addition, R.C. 3119.79 states, in relevant part, as follows; "(A) If an obligor or obligee under a child support order requests that the court modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the child support order in accordance with the schedule and the applicable worksheet through the line establishing the actual annual obligation. If that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet shall be considered by the court as a change of circumstance substantial enough to require a modification of the child support amount."
 {¶ 12} The Ohio Supreme Court, in DePalmo v. DePalmo, 78 Ohio St.3d 535,1997-Ohio-184, 679 N.E.2d 266, rejected the "dual threshold" test for a change in circumstances set forth in Anderkin v. Lansdell (1992),80 Ohio App.3d 687, 610 N.E.2d 570. In DePalmo, the Court held that in a case where a support order already exists, the only test for determining whether child support shall be modified is that set forth in R.C. 3113.215(B)(4) [now R.C. 3119.79, supra]. In the case sub judice, the original decree deviated to a support order of zero pursuant to the parties' shared parenting plan. "[A] child support order which requires zero support to be paid is an existing child support order." Fields v.Fields, Medina App. No. 04CA0018-M, 2005-Ohio-471, ¶ 11, quotingRodriguez v. Rodriguez (May 2, 2001), 9th Dist. No. 00CA007699 (additional citations and quotations omitted). As the new guideline figure in this matter of $875.00 per month was clearly "more than ten per cent greater than * * * the amount of child support required to be paid pursuant to the existing child support order" (R.C. 3119.79(A)), we find no error in the trial court's finding of a change in circumstances.
 {¶ 13} Ronald additionally argues in his appellant's brief that Pamela "did not present any testimony or exhibit purporting to show that she has incurred more or paid any of the expenses that Appellant was to pay pursuant to the original decree of divorce." Appellant's Brief at 4. He further contends he submitted proof to the magistrate that he paid for Kendall's expenses such as clothing, car payments, and orthodontia. Id. This argument is in apparent reference to the trial court's decision to "modify the parties' Shared Parenting Plan, doing away with any obligation of Defendant to make direct payments on his daughter's behalf, and instead require child support in the amount of the Ohio Child Support Guidelines Worksheet." Magistrate's Decision at 3.
 {¶ 14} We nonetheless note Pamela's contrasting testimony that Kendall sometimes went "weeks at a time without being able to get a hold of her father," and that there was no longer a de facto equal-time shared parenting arrangement for this remaining unemancipated child (Tr. at 24-25), who was already seventeen years old at the time of the proceedings at issue. We are thus unable to find an abuse of discretion by the trial court in granting a modification of support under these circumstances, in lieu of maintaining the status quo. As the Supreme Court aptly recognized in DePalmo: "The law favors settlements. However, the difficult issue of child support may result in agreements that are suspect. In custody battles, choices are made, and compromises as to child support may be reached for the sake of peace or as a result of unequal bargaining power or economic pressures. The compromises may be in the best interests of the parents but not the child." Id. at 540. See, also, Fox v. Fox, Hancock App. No. 5-03-42, 2004-Ohio-3344, ¶ 19.
 {¶ 15} Therefore, upon review of the record, we are unpersuaded that the court's decision to modify child support and implicitly decline to deviate was an abuse of discretion or against the manifest weight of the evidence.
 {¶ 16} Appellant's First and Second Assignments of Error are overruled.
 III. {¶ 17} In Ronald's Third Assignment of Error, citing R.C. 3119.79(C), he challenges the trial court's decision to modify child support without evidence that there had been a substantial change in circumstances not contemplated by the parties at the time of the divorce. The cited statutory subsection reads as follows:
 {¶ 18} "(C) If the court determines that the amount of child support required to be paid under the child support order should be changed due to a substantial change of circumstances that was not contemplated at the time of the issuance of the original child support order or the last modification of the child support order, the court shall modify the amount of child support required to be paid under the child support order to comply with the schedule and the applicable worksheet through the line establishing the actual annual obligation, unless the court determines that the amount calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet would be unjust or inappropriate and would not be in the best interest of the child and enters in the journal the figure, determination, and findings specified in section3119.22 of the Revised Code."
 {¶ 19} In Lee v. Loos, Tuscarawas App. No. 2004 AP 02 0015, 2005-Ohio-254, ¶ 17, we addressed a similar argument by an obligor who maintained that his previous child support deviation "should have been continued unless the trial court made a finding that the substantial change in circumstances was not contemplated at the time of the original support order." We rejected that argument, relying on DePalmo, supra, and held there was no requirement that a trial court find that the substantial change in circumstances was not contemplated at the time the original support order was issued. Id. at ¶ 20.
 {¶ 20} Accordingly, appellant's Third Assignment of Error is overruled.
 {¶ 21} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Richland County, Ohio, is affirmed.
Wise, J. Gwin, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Richland County, Ohio, is affirmed.
Costs to appellant.