BOARD OF COMMISSIONERS OF WARREN COUNTY, APPELLANT, *v.*
CITY OF LEBANON ET AL., APPELLEES;
WARREN COUNTY AGRICULTURAL SOCIETY, APPELLANT.

[Cite as Warren Cty. Bd. of Commrs. *v.* Lebanon (1989), 43 Ohio St. 3d 188.]

(No. 88-518—Submitted March 29, 1989—Decided June 14, 1989.)

*Timothy A. Oliver,* prosecuting attorney, and *Michael E. Powell,* for appellant Warren County Board of Commissioners.

*Kaufman, Florence & Rittgers* and *Mark Florence,* for appellant Warren County Agricultural Society.

*Manley, Burke & Fischer, Timothy A. Fischer, Gray & Duning* and *J. William Duning,* for appellee.

*Per Curiam.* The central issue before us in this case is whether the

amended provisions of R.C. 709.16, effective June 7, 1986 (H.B. No. 981), are applicable to action by the board of commissioners on the three amended annexation petitions filed with the board by the city on April 16, 1986. For the reasons which follow, we answer such query in the negative and thus affirm the court of appeals, albeit on different grounds.

The lower courts approached this issue by analyzing whether H.B. No. 981 changed R.C. 709.16 in a manner which affected "substantive" rights, and is thus applicable only prospectively, or whether the change affected only "procedural" rights, thus permitting a retrospective application of H.B. No. 981 which would not violate Section 28, Article II of the Ohio Constitution. This determination was premature, however, since there had been no prior determination that the statute had legislatively been drafted to apply retroactively.

"The issue of whether a statute may constitutionally be applied retrospectively *does not arise* unless there has been a prior determination that the General Assembly specified that the statute so apply. Upon its face, R.C. 1.48 establishes a threshold analysis which must be utilized *prior* to inquiry under Section 28, Article II of the Ohio Constitution. * * *" (Emphasis added.) *Van Fossen* v. *Babcock & Wilcox Co.* (1988), 36 Ohio St. 3d 100, 522 N.E. 2d 489, paragraph one of the syllabus.

R.C. 1.48 codifies the long-standing rule that "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." Because H.B. No. 981 is not expressly made retrospective, we hold that it is to operate prospectively only (*i.e.*, to annexation petitions filed on or after its effective date, June 7, 1986). In such an instance, a reviewing court need not, and may not, engage in constitutional analysis of whether such enactment is "substantive" or "procedural" in nature. *Van Fossen, supra,* at 105-106, 522 N.E. 2d at 495. Appellant board must apply the provisions of R.C. 709.16 herein as they existed on April 16, 1986.[6]

Appellant board also argues, as it did in the courts below, that the constitutionality of the retroactive application of H.B. No. 981 was not properly before the lower courts because the Attorney General was not added as a party to this action pursuant to R.C. 2721.12.[7] This argument is without merit. It is apparent from the language of R.C. 2721.12 that it applies only to cases seeking declaratory judgment which are filed, at least in part, for the purpose of challenging the constitutionality of a statute, ordinance or franchise. See *Malloy* v. *Westlake* (1977), 52 Ohio St. 3d 103, 6 O.O. 3d 329, 370 N.E. 2d 457. This is not such a case. In fact, as explained above, no constitutional issues are presented in

---

[6] The court of appeals utilized May 6, 1986, the date of the filing of the appellant board's complaint seeking declaratory judgment, as the operative date. Although it makes no practical difference in this case, we would note that April 16, 1986, the date the amended annexation petitions were filed, is the appropriate date, as it was on this day that the board was first called upon to act.

[7] R.C. 2721.12 provides in pertinent part:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration. * * * [I]f any statute or the ordinance or franchise is alleged to be unconstitutional, the attorney general shall also be served with a copy of the proceeding and shall be heard."

this case, due to the operation of R.C. 1.48.[8]

Finally, appellant Agricultural Society maintains that it is a separate "owner," for purposes of annexation, of the 62.213-acre tract of land it occupies by virtue of R.C. 1711.31.[9] We do not agree. The grant of the power of "control and management" of the fairgrounds occupied by the Agricultural Society, by virtue of R.C. 1711.31, does not create a "freehold estate" in such land required by R.C. 709.02.[10] The sole "owner," for purposes of R.C. 709.02, of lands occupied by an agricultural society pursuant to R.C. 1711.31 is the title holder of such lands, *i.e.*, the board of county commissioners.

For all the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

SWEENEY and DOUGLAS, JJ., dissent.

DOUGLAS, J., dissenting. Interested readers of this case should compare the "reasoning" and result announced by today's majority with this court's recent pronouncement in *EPI of Cleveland, Inc.* v. *Limbach* (1989), 42 Ohio St. 3d 103, 537 N.E. 2d 651, a case decided less than two months ago. The retrospective application of statutes seems to be a floating concept for a majority of this court—applied when necessary to accomplish a philosophical bias but abhorred when a party does not possess a favored status.

One wonders how long respect can be maintained for such peripatetic jurisprudence.

SWEENEY, J., concurs in the foregoing dissenting opinion.

---

[8] Inasmuch as H.B. No. 981 is thus inapplicable to the petitions at issue here, appellant board's arguments as to the scope of discretion granted to county commissioners by these amendments, and whether H.B. No. 981 violates the "one-subject rule" of Section 15(D), Article II of the Ohio Constitution, will not be addressed.

[9] R.C. 1711.31 provides in pertinent part:

"When the title to grounds and improvements occupied by an agricultural society is in the board of county commissioners, the control and management of

such lands and improvements shall be vested in the board of directors of such society so long as they are occupied by it and used by it for holding agricultural fairs. * * *"

[10] R.C. 709.02 provides in pertinent part:

"As used in sections 709.02 to 709.21 and 709.38 and 709.39 of the Revised Code, 'owner' or 'owners' means any adult individual seized of a freehold estate in land who is legally competent and any firm, trustee, or private corporation that is seized of a freehold estate in land * * *."