**MAZZUCKELLI, Appellant,**

v.

**MAZZUCKELLI, Appellee.**

[Cite as *Mazzuckelli v. Mazzuckelli* (1995), 106 Ohio App.3d 554.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C-930203.

Decided Sept. 27, 1995.

*Lawrence F. Mazzuckelli,* pro se.

*Mark H. Reed,* for appellee and Hamilton County Child Support Enforcement Agency.

*Per Curiam.*

The pivotal issue raised in this appeal, in the third of four assignments of error given to us for review, is whether a child-support obligation created in 1979 under the terms of a separation agreement incorporated in a dissolution decree was properly held to remain in effect beyond a child's eighteenth birthday for as long as the child continued to be a full-time student at a recognized and accredited high school, even though the separation agreement itself expressly provided for the termination of the obligation when the child reached the age of eighteen. Although no extension of the support obligation would be defensible in law if this case were governed by the Ohio Supreme Court's decision in *In re Dissolution of Lazor* (1991), 59 Ohio St.3d 201, 572 N.E.2d 66, we are convinced that the controlling law is instead to be found in the 1992 amendments of R.C. 3103.03, which, when given their appropriate effect, specifically mandate such an extension for all children who remain full-time students at a qualified high school. We accordingly affirm.

On June 12, 1979, a decree of dissolution was journalized in the domestic relations division of the court of common pleas to terminate the marriage of appellant Lawrence Mazzuckelli and appellee Susan Mazzuckelli. A separation agreement executed by the parties was incorporated into the decree. The separation agreement provided that the mother was to have custody of the parties' three minor children, and that the father was to pay child support in the amount of $200 per month for each child until each child attained "the age of eighteen (18) years." One of the parties' children had her eighteenth birthday on December 8, 1992. At that time, she was attending high school on a full-time basis.

Prior to the child's eighteenth birthday, on October 9, 1992, the father filed a motion to terminate his child-support obligation as of December 8, 1992. Approximately one week before the child's eighteenth birthday, on December 1, 1992, the Hamilton County Child Support Enforcement Agency ("HCCSEA") filed a motion to "alter and amend" the decree of dissolution for the purpose of extending the support obligation until the child graduated from high school. The evidence presented to a referee showed that the child was, in fact, continuing to attend high school, and that she was scheduled to graduate on June 4, 1993.

On January 11, 1993, the referee filed a report recommending that the father's motion to terminate child support as of December 8, 1992, be overruled. The referee further recommended that HCCSEA's motion be granted, and that the decree of dissolution be amended to provide for a continuing support obligation until the child graduated from high school. The father filed objections to the referee's report which the trial court overruled on February 27, 1993, and this timely appeal followed.

■■ In *In re Dissolution of Lazor, supra,* 59 Ohio St.3d 201, 572 N.E.2d 66, a majority of the Ohio Supreme Court recognized the rights of parents, as part of the dissolution of their marriage, to adjust child-support obligations between themselves pursuant to the terms of a separation agreement, without diminishing a child's independent right to enforce the legal duty of support directly against either parent. Approximately one year later, the General Assembly amended R.C. 3103.03(B) to provide that "the parental duty to support children, including the duty of a parent to pay support pursuant to a child support order, shall continue beyond the age of majority as long as the child continuously attends on a full-time basis any recognized and accredited high school." The effect of the statutory amendment demonstrates the legislature's intent to override the majority's decision in *Lazor* and to provide for the operation of the statute as outlined in Justice Douglas's dissent. Amended R.C. 3103.03(B) should be read to incorporate the broad definition of "child support order" contained in R.C. 3113.215(A)(6) ("an order for the payment of child support"). When the amend-

ment is viewed alongside other pertinent provisions of the Revised Code, it is now clear, as Justice Douglas envisioned, that the duty to pay court-ordered support is mandated beyond the age of majority under specified circumstances, and that a child support enforcement agency has a right to see that the duty is appropriately enforced.

The only question that remains is whether application of amended R.C. 3103.03(B) to this case, where the support order arose pursuant to a separation agreement that had been in effect for some thirteen years before the statute was amended, constitutes an inappropriate retrospective application of the statute. For the reasons that follow, we hold that it does not.

■ Under the case law in Ohio, the analysis that pertains to issues of retrospective application of statutes has recently evolved to require a threshold inquiry into whether the General Assembly has specified that a given statute is to be given retroactive effect. In the absence of such a specification, retroactivity is, quite simply, foreclosed, and it is only when the legislature has given its imprimatur to retroactive application that a second issue, one of constitutional dimension, must be addressed: whether the statute in question bears upon substantive rights or is more appropriately construed to be procedural in nature. *Warren Cty. Bd. of Commrs. v. Lebanon* (1989), 43 Ohio St.3d 188, 540 N.E.2d 242; *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489; *Bien v. Cincinnati* (Sept. 29, 1993), Hamilton App. No. C–920351, unreported, 1993 WL 381206.

■ In our view, resort to the newly evolved standards on retroactivity is unnecessary in the instant case because we are persuaded that to apply amended R.C. 3103.03(B) in this context does not give the statute any meaningful retrospective effect. Under the definition we deem appropriate, a statute can be construed as impermissibly retrospective in application only if it "takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already passed * * *." *Perk v. Euclid* (1969), 17 Ohio St.2d 4, 8, 46 O.O.2d 60, 62–63, 244 N.E.2d 475, 477 (quoting Justice Story in *Society for the Propagation of Gospel v. Wheeler* [1814], 2 Gall. [U.S.C.C.] 105, 139).

■ Two aspects of the present case are significant to our conclusion that we are not confronted with an instance of impermissible retrospective application. First, at the time the court below was asked to extend the father's support obligation, that obligation had yet to be fully carried out under existing law, and its dimensions as well had yet to be fully determined. Second, as we note *infra,* at the time of the requested extension, the trial court had yet to relinquish the continuing jurisdiction conferred upon it by R.C. 3105.65 to modify, among other

things, any provisions concerning child support. Under these circumstances, it cannot be said, within the accepted sense of retroactivity, that application of amended R.C. 3103.03(B) "create[d] a new obligation, impose[d] a new duty, or attache[d] a new disability" on the father "in respect to transactions or considerations already passed." We hold, therefore, that the court below did not err when it ruled that the support order arising from the separation agreement incorporated into the decree of dissolution should extend beyond Deborah Mazzuckelli's eighteenth birthday. The third assignment of error is, accordingly, not well taken.

■ The first and second assignments of error essentially allege that the trial court had no jurisdiction to modify the separation agreement which had been incorporated into the decree of dissolution as to child support. The assignments of error are overruled because the trial court had continuing jurisdiction to modify the separation agreement incorporated into the decree of dissolution as to matters of child support pursuant to R.C. 3105.65, *Dudziak v. Dudziak* (1992), 81 Ohio App.3d 361, 611 N.E.2d 337; *Alban v. Alban* (1981), 1 Ohio App.3d 146, 1 OBR 454, 439 N.E.2d 963; *In re Leece* (July 24, 1992), Miami App. No. 91–CA–52, unreported, 1992 WL 172159, and because the court separately had jurisdiction to give effect to the statutory command of R.C. 3103.03(B).

The fourth assignment of error, which alleges that the trial court denied the father's rights to due process and equal protection, is overruled both to the extent that it challenges the trial court's authority to extend his child-support obligation under the decree of dissolution past his daughter's eighteenth birthday, and to the extent that it alleges that the father was denied procedural due process and equal protection of the law.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

HILDEBRANDT, P.J., and GORMAN, J., concur.

DOAN, J., dissents.

DOAN, Judge, dissenting.

For the reasons that follow, I must respectfully dissent from the majority's affirmance of the trial court's judgment on the basis of its disposition of the third assignment of error.

The father essentially alleges in the third assignment of error that the trial court erred in granting HCCSEA's motion to extend his child-support obligation until Deborah graduated from high school and in overruling his motion to terminate support as of December 8, 1992. Pursuant to the clear and unambigu-

ous language of the separation agreement, the father's obligation to pay child support terminated when the parties' child reached the age of eighteen. The Ohio Supreme Court held in *In re Dissolution of Lazor* (1991), 59 Ohio St.3d 201, 572 N.E.2d 66, paragraphs one and two of the syllabus:

"The parties to a separation agreement may not abrogate the right of a minor child of the marriage to be supported by either parent. Prior to the effective date of R.C. 3113.215 to 3113.218, the parties could, however, agree to allocate the support obligation between themselves in a manner analogous to an indemnity agreement. (R.C. 3103.03 and 3109.05, construed.)

"Where the parties to a separation agreement agree that the obligation to make child support payments will terminate when the child reaches the 'age of majority,' the obligation to make child support payments terminates when the child reaches his or her eighteenth birthday unless the parties specify some other definition of the phrase 'age of majority.' (R.C. 3109.01, construed.)"

In *Lazor*, the court held that the noncustodial father's obligation to pay child support pursuant to a separation agreement incorporated into a decree of dissolution terminated on the child's eighteenth birthday even though the child was attending an accredited high school on a full-time basis. In *Richardson v. Richardson* (June 3, 1991), Butler App. No. CA90–05–099, unreported, 1991 WL 96379, which involved facts virtually identical to those in *Lazor*, the court, citing *Lazor*, held that the language of the separation agreement which provided that the noncustodial father's child-support obligation continued "until such child shall reach the age of eighteen (18) years" controlled and that the support obligation terminated on the child's eighteenth birthday even though the child was attending high school full-time.

R.C. 3103.03[1] provides that both parents have a duty to support their child until graduation from an accredited high school. However, that duty accrues to the child and is outside the separation agreement. *In re Dissolution of Lazor, supra; Masterson v. Minadeo* (May 5, 1994), Cuyahoga App. No. 65347, unreported, 1994 WL 173517. While the father in this case has a statutory duty to his

---

1. Former R.C. 3103.03, which was in effect at the time the parties entered into their separation agreement, provided in pertinent part:

   "Notwithstanding section 3109.01 of the Revised Code, the parental duty of support to children shall continue so long as the child continuously attends on a full-time basis any recognized and accredited high school, even when such child has attained the age of majority."

   R.C. 3103.03 was amended effective July 15, 1992, to provide in pertinent part:

   "(B) Notwithstanding section 3109.01 of the Revised Code, the parental duty of support to children, including the duty of a parent to pay support pursuant to a child support order, shall continue beyond the age of majority as long as the child continuously attends on a full-time basis any recognized and accredited high school."

child to support her until she graduates from high school, that duty arises by operation of law pursuant to the public policy of Ohio as set forth in R.C. 3103.03, and not by virtue of the separation agreement. The father has no duty to continue to make child-support payments under the decree of dissolution. A child who has reached the age of majority has the right to bring his or her own action to enforce any statutory duty created by R.C. 3103.03. *Bantz v. Bantz* (Feb. 10, 1993), Greene App. No. 92-CA-0073, unreported, 1993 WL 32002; *Brigner v. Brigner* (Sept. 26, 1984), Hancock App. No. 5-83-38, unreported, 1984 WL 8085. However, because the father's support obligation is limited by the separation agreement, which operates in a manner analogous to an indemnity agreement to fix the support obligation of each parent, he would be entitled to indemnification from Susan Mazzuckelli for the amount of any additional support paid beyond that to which he agreed. See *In re Dissolution of Lazor, supra,* 59 Ohio St.3d at 203, 572 N.E.2d at 69; *Bantz v. Bantz, supra.*

I acknowledge that R.C. 3103.03 was amended effective July 15, 1992, to provide that the duty of a parent to pay support "pursuant to a child support order" shall continue past the age of majority if the child is attending a recognized and accredited high school on a full-time basis. Similarly, R.C. 3109.05, which provides that a court may order child support in a divorce, dissolution of marriage, legal separation or child-support proceeding, was amended effective July 15, 1992, to provide that a child-support order issued by a court under that section would remain in effect beyond the child's eighteenth birthday as long as the child was continuously attending a recognized and accredited high school. I am not convinced that the amended versions of those statutes should be applied in this case to extend the father's support obligation under the separation agreement incorporated in the decree of dissolution.

At the time the parties entered into the separation agreement, the amendments to those statutes were not in effect. The father agreed to pay support for his daughter until she reached the age of eighteen. By operation of the version of R.C. 3103.03 in effect at the time the parties entered into the separation agreement, the father is required to support his daughter through high school. However, he has a right of indemnification against the mother for support payments made in excess of those he agreed to pay. To apply the amended versions of R.C. 3103.03 or 3109.05 to extend his support obligation under the decree would extinguish his right to indemnification.

Section 28, Article II of the Ohio Constitution, which prohibits the passage of retroactive laws, applies to laws affecting substantive rights. *Kilbreath v. Rudy* (1968), 16 Ohio St.2d 70, 45 O.O.2d 370, 242 N.E.2d 658. Substantive law is that which creates duties, rights and obligations. *Id.* R.C. 1.58(A) states:

"(2) The reenactment, amendment, or repeal of a statute does not * * * [a]ffect any validation, cure, right, privilege, obligation, or liability previously acquired, accrued, accorded, or incurred thereunder."

Clearly, applying the statutory amendments to extend the father's support obligation under the decree of dissolution would extinguish his right of indemnification in violation of Section 28, Article II of the Ohio Constitution. See *Nokes v. Nokes* (1976), 47 Ohio St.2d 1, 1 O.O.3d 1, 351 N.E.2d 174. Even were this not so, the amendments could not be applied retroactively in the absence of a specific directive from the General Assembly. See *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489. I would therefore sustain the third assignment of error.

For the same reasons, I would sustain the fourth assignment of error to the extent that it challenges the trial court's authority to extend the father's child-support obligation under the decree of dissolution past his daughter's eighteenth birthday.

Accordingly, in my view, the appropriate resolution of this case would be to reverse the judgment of the trial court and remand this cause for the overruling of the motion to extend the father's child-support obligation under the decree of dissolution, and for the granting of his motion to terminate child support under the decree of dissolution as of December 8, 1992. I otherwise concur in the majority's rulings on the first, second and fourth assignments of error.