OPINION
On January 10, 1970, appellee, M. Kathleen Sharpshair, and appellant, Timothy Smith, were married. The parties subsequently filed a petition for dissolution on October 5, 1990. The trial court held a hearing on the petition on November 6, 1990. The trial court granted the petition in a dissolution decree dated November 16, 1990. The decree expressly incorporated the terms of the separation agreement reached by the parties and provided, in pertinent part, as follows:
 Payor, Timothy Smith, shall pay as and for support of the minor child, Melissa, the sum of $76.20 per week * * * for a total of $327.66 per month * * * plus 2% poundage, for a total of $334.21 per month until said minor child is emancipated or reaches the age of majority.
On February 6, 1996, Butler County Child Support Enforcement Agency filed a contempt motion in which it alleged that appellant had an outstanding child support arrearage of $2,483.53. Appellant then filed a motion to terminate his child support obligation on March 25, 1996. Appellant argued that the separation agreement and dissolution decree only required him to pay support until Melissa reached the age of majority and that his child support obligation should therefore have terminated on October 11, 1994, the date of Melissa's eighteenth birthday.
A hearing on appellant's motion to terminate his child support obligation was held before a magistrate on April 11, 1996. The magistrate held that R.C. 3103.03(B) requires a parent to continue paying child support until the later of the date the child reaches the age of majority or ceases to attend a recognized and accredited high school and that appellant's child support obligation did not terminate on Melissa's eighteenth birthday because Melissa was still attending high school at that time. The magistrate overruled appellant's motion to terminate his support obligation in an order dated May 28, 1996.
On June 4, 1996, appellant filed objections to the magistrate's report pursuant to Civ.R. 53. The trial court overruled appellant's objections in an order dated July 12, 1996. Appellant now appeals setting forth the following assignment of error:
 THE COURT ERRED IN FAILING TO GRANT THE MOTION TO TERMINATE SUPPORT.
Appellant contends that the trial court should have terminated his child support obligation on October 11, 1994, the date of Melissa's eighteenth birthday, because the separation agreement and dissolution decree specifically provided that his child support obligation was to terminate when Melissa reached the age of majority. Appellant relies upon the Ohio Supreme Court's decision in In re Dissolution of Marriage of Lazor (1991),59 Ohio St.3d 201.
In Lazor, the Supreme Court held that, under then-existing law, the parties to a dissolution action may contractually agree that one party's duty to make specific child support payments will terminate when the child reaches the age of majority. The court reasoned that former R.C. 3103.03, which provided, in part, that "the parental duty of support to children shall continue so long as the child continuously attends on a full-time basis any recognized and accredited high school, even when such child has attained the age of majority," only applied to the parents' general duty of support, and not to the specific duty to make support payments which had been allocated to the husband in the separation agreement and dissolution decree.
The General Assembly subsequently amended R.C. 3103.03 in 1992 to provide, in pertinent part, as follows:
 (B) Notwithstanding section 3109.01 of the Revised Code, the parental duty of support to children, including the duty of a parent to pay support pursuant to a child support order, shall continue beyond the age of majority as long as the child continuously attends on a full-time basis any recognized and accredited high school. That duty of support shall continue during seasonal vacation periods.
In Mazzuckelli v. Mazzuckelli (1995), 106 Ohio App.3d 554, the Ohio First District Court of Appeals considered the effect of the 1992 amendment to R.C. 3103.03. The court held that the amended version of R.C. 3103.03 abrogated the rule enunciated in Lazor. Id. at 557. The court reasoned that:
 The effect of the statutory amendment demonstrates the legislature's intent to override the majority's decision in Lazor * * *. When the amendment is viewed alongside other pertinent provisions of the Revised Code, it is now clear * * * that the duty to pay court-ordered support is mandated beyond the age of majority under specified circumstances, and that a child support enforcement agency has a right to see that the duty is appropriately enforced.
Id. See, also, Farra v. Farra (Oct. 18, 1996), Montgomery App. No. 15890, unreported.
We find the rationale of Mazzuckelli persuasive. Amended R.C.3103.03 mandates that a child support order issued in conjunction with a decree of dissolution continues until the child reaches eighteen years of age and ceases to attend a recognized and accredited high school, regardless of whether the parties' separation agreement and dissolution decree indicate that support is to terminate when the child reaches the age of majority. Mazzuckelli at 557; Farra at 4. Therefore, the trial court did not err in declining to apply the rule enunciated in Lazor.
In addition, we also find Lazor distinguishable from the present case because the separation agreement and dissolution decree in Lazor were executed and finalized before R.C. 3113.215 through3113.218, Ohio's child support guideline statutes, took effect on April 12, 1990. R.C. 3113.215 through 3113.218 specifically require a trial court to calculate a party's child support obligation using the worksheets contained therein. R.C.3109.05(E) further provides that, subject to modification, any order of support issued by a trial court must remain in effect until the child reaches the age of majority and ceases to attend a recognized and accredited high school.
Our review of the record indicates that the trial court issued a child support order as part of the dissolution decree on November 16, 1990, approximately seven months after the child support guidelines took effect. The specific language of R.C.3109.05(E), which requires that the child support order remain in effect until Melissa reached the age of majority and ceased attending a recognized and accredited high school, supersedes the contrary provisions contained in the parties' separation agreement and dissolution decree.[1] Accordingly, the trial court did not err in overruling appellant's motion to terminate his child support obligation. Appellant's sole assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
YOUNG, P.J., concurs.
KOEHLER, J., dissents.
[1] R.C. 3103.03 and 3109.05 were amended in July 1992 to extend a noncustodial parent's duty to continue making child support payments pursuant to a child support decree until the child reaches the age of majority and ceases to attend a recognized and accredited high school. However, our application of the amended versions these statutes to this case does not violate the constitutional prohibition on retroactive legislation because the amendments do not impose a new duty upon appellant, but instead merely alter how the already existing general duty of support codified by former R.C. 3103.03 may be enforced. See Farra at 5.