DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant Philip J. Rozzi appeals the decision rendered by the Medina County Court of Common Pleas which ordered him to pay child support to plaintiff-appellee Judith Lanier. We affirm.
The marriage of Rozzi and Lanier was dissolved on January 6, 1988. The trial court's judgment entry of dissolution incorporated the parties' separation agreement, which provided that Rozzi would not be required to pay for the support of Rozzi's minor son, Philip (born June 13, 1983). On September 19, 1995, Lanier moved the trial court to establish child support. On June 7, 1996, a hearing was held before a magistrate.
The magistrate took testimony from Lanier and Rozzi. On June 20, 1996, applying the child support guidelines set forth in R.C. 3113.21.5 et seq., the magistrate found that Rozzi should pay $498.21 per month plus poundage for the support of Philip.
After hearing the argument of counsel and considering objections to the magistrate's decision, the trial court journalized its adoption of the magistrate's decision on February 10, 1997. Rozzi appeals, assigning six errors.
 I.
Rozzi's first assignment of error states:
 THE TRIAL COURT ERRED IN FINDING THAT THERE WAS JURISDICTION IN THIS MATTER
Rozzi's third assignment of error states:
 THE TRIAL COURT ERRED IN FINDING THAT A TEN PERCENT DEVIATION IN CHILD SUPPORT PAID IS A SUFFICIENT CHANGE IN CIRCUMSTANCE TO ENABLE THE COURT TO MODIFY ITS PRIOR ORDER
Rozzi argues that "[a] ten percent deviation in child support paid is not a sufficient change in circumstance to enable the court to have jurisdiction to modify its prior order in this matter." (Emphasis sic.) We disagree, because the trial court unquestionably had jurisdiction to modify its prior order in this case to require Rozzi to pay child support and was empowered to do so irrespective of whether there had been a "sufficient change in circumstance."
The trial court has continuing jurisdiction to modify the separation agreement incorporated into the decree of dissolution as to matters of child support pursuant to R.C. 3105.65(B).Mazzuckelli v. Mazzuckelli (1995), 106 Ohio App.3d 554, 559. The trial court's continuing jurisdiction over the modification of child support orders is invoked, as it was in this case, by motion. Civ.R. 75(A) and 75(I).
Since April 12, 1990, on which date R.C. 3113.21.5 became effective, trial courts have been required to calculate child support obligations in accordance with a detailed child support schedule and worksheet outlined in the statute. DePalmo v.DePalmo (1997), 78 Ohio St.3d 535, 538. When modifying a preexisting order for the payment of child support, the trial court is to apply the substantial change of circumstances test established by R.C. 3113.21.5(B)(4). Id. at 540-541. By contrast, when modifying an order based upon an agreement between the parties that does not include an order for the payment of child support, the trial court need not apply a substantial change in circumstances test — rather, it must apply the Child Support Guidelines as required by the standards of Marker v. Grimm (1992),65 Ohio St.3d 139. DePalmo v. DePalmo, 78 Ohio St.3d at 540. The present case is of the latter type.
The Marker court found that the judge was required to strictly comply with the statute and that the amount determined under the Child Support Guidelines was "rebuttably presumed to be the correct amount of child support due" and must be ordered unless the court had done both of two steps" (a) made a factual determination and set forth criteria as to why following the guidelines would be unjust or inappropriate and not in the best interest of the child and (b) made an actual entry in the journal of findings of fact to support that determination. Marker,65 Ohio St.3d at 141, 601 N.E.2d at 498; R.C. 3113.21.5(B)(1). This court has continued to require strict compliance in subsequent cases. See Rock v. Cabral (1993), 67 Ohio St.3d 108,616 N.E.2d 218. Id. at 538-539.
In this case, the magistrate strictly complied with R.C. 3113.21.5 in determining the amount of child support due under the Guidelines, and made no determination that following the Guidelines would be unjust, inappropriate, or not in the best interest of Philip. Therefore, Rozzi's first and third assignments of error are overruled.
 II.
Rozzi's second assignment of error states:
 THE TRIAL COURT ERRED IN RETROSPECTIVELY APPLYING THE STATUTORY CHILD SUPPORT GUIDELINES [O.R.C. 3113.21.5 TO 3113.21.8] TO THIS CASE, CONTRARY TO THE OHIO CONSTITUTION, AND THE FEDERAL CONSTITUTION
Article II, Section 28 of the Ohio Constitution provides that "[t]he general assembly shall have no power to pass retroactive laws[.]" A statute taking away or impairing vested rights acquired under existing laws, or creating a new obligation, imposing a new duty, or attaching a new disability, with respect to transactions or considerations already past, is retroactive in the sense of Article II, Section 28 of the Ohio Constitution.State ex rel. Matz v. Brown (1988), 37 Ohio St.3d 279, 281. A new disability is not attached to a past consideration or transaction unless the past consideration or transaction created at least "a reasonable expectation of finality." Id. In the case before this court, the trial court never relinquished the continuing jurisdiction conferred upon it by R.C. 3105.65, pursuant to which it may modify, inter alia, any provision concerning child support. Therefore, the application to this case of R.C 3113.21.5 et seq., which became effective after the date of the parties' dissolution, did not "create a new obligation, a new duty, or attach a new disability" on Rozzi "in respect to transactions or considerations already passed." See Mazzuckelliv. Mazzuckelli (1995), 106 Ohio App.3d 554, 558-559.
Rozzi's federal constitutional claim consists of the following proposition: "a retroactive enactment extinguishing a vested legal relation would amount to a deprivation of property without due process of law and thus violate the Fourteenth Amendment to the Federal Constitution." The enactment at issue in this case was not retroactively applied and the legal relation in question, far from being vested, has been continually subject to the jurisdiction of the trial court. Rozzi's second assignment of error is overruled.
 III.
Rozzi's fourth assignment of error states:
 THE TRIAL COURT ERRED IN FAILING TO ALLOW APPELLANT TO OFFER RELEVANT AND NECESSARY TESTIMONY
Rozzi makes several contentions that the trial court erred by excluding evidence he proffered. Given its superior vantage, the trial court enjoys broad discretion in the admission and exclusion of evidence and will not be reversed absent a clear abuse of discretion which materially prejudiced the objecting party.Barbeck v. Twinsburg Twp. (1992), 73 Ohio App.3d 587, 592. The term "abuse of discretion" suggests more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Berk v. Matthews (1990), 53 Ohio St.3d 161,169. Accordingly, to find an abuse of discretion, we must find that the trial court committed more than a mere error of judgment. "[W]hen applying [an abuse of discretion] standard, an appellate court is not free to substitute its judgment for that of the trial judge." Id.
Rozzi contends that the trial court erred in refusing to allow Rozzi to call Daniel Lanier, who is Judith Lanier's husband, "as a witness in regard to the Baghat [v. Baghat (1982), 8 Ohio App.3d 291] and Anderkin [v. Lansdell (1992), 80 Ohio App.3d 687] factors[.]" Rozzi makes the same contention with respect to the trial court's refusal to allow Rozzi to cross-examine Judith Lanier concerning Daniel Lanier's income, and with respect to preclusion of testimony concerning the terms of the property settlement between Rozzi and Judith Lanier. The Ohio Supreme Court has expressly rejected Anderkin's (and, by implication,Baghat's) "dual-threshold test" for determining whether child support can be modified where, as here, the existing child support arrangement is for the custodial parent to assume sole responsibility for the the support of the children while the noncustodial parent is not required to make child support payments. DePalmo v. DePalmo, 78 Ohio St.3d at 538. The trial court did not abuse its discretion by refusing to admit evidence whose relevance depended upon a moribund legal standard.
Rozzi asserts that the trial court erred in refusing to allow Rozzi to call Daniel Lanier as a witness and in refusing to permit cross-examination of Judith Lanier as to the issue of the benefits of marriage Judith Lanier has received insofar as they would justify a deviation from Guideline support pursuant to R.C. 3113.21.5(B)(3)(h).
R.C. 3113.21.5(B)(3)(h) provides, in part:
 The court * * * may deviate from the amount of support that otherwise would result from the use of the schedule and the applicable worksheet * * * in cases in which the application of the schedule and the applicable worksheet * * * would be unjust or inappropriate and would not be in the best interest of the child. In determining whether that amount would be unjust or inappropriate and would not be in the best interest of the child, the court may consider any of the following factors and criteria:
* * *
 (h) Benefits that either parent receives from remarriage or sharing living expenses with another person[.]
See, generally, Dilacqua v. Dilacqua (Sept. 3, 1997), Summit App. No. 18244, unreported, at 9-10.
Rozzi's attorney stated to the magistrate that he intended to question Daniel Lanier "with regard to the issues of what his wages are and how that impacts on Mrs. Lanier's living expenses and issues concerning whether or not that should impact on the child support guideline computations." While cross-examining Judith Lanier, Rozzi's attorney asked her what Daniel Lanier earns. The magistrate sustained Judith Lanier's objections to the question as irrelevant to the issue of a deviation from the support mandated by the child support guidelines. Rozzi provided the magistrate with no details as to the amount of Daniel Lanier's earnings. Rozzi's attorney argued to the magistrate that it would not be in Philip's best interest "to put on an order that would have a devastating effect" on Rozzi.
Rozzi has fallen far short of showing that the trial court clearly abused its discretion to Rozzi's prejudice by adopting the magistrate's exclusion of this evidence. Rozzi's fourth assignment of error is overruled.
 IV.
Rozzi's fifth assignment of error states:
 THE TRIAL COURT ERRED IN FINDING NO REASON TO DEVIATE FROM THE CHILD SUPPORT GUIDELINES
Rozzi is obligated to pay $1,200 per month for forty-eight months to Laura Bucci, another of Rozzi's ex-wives, pursuant to a property settlement incorporated into a dissolution order entered in 1995. Rozzi argues that it was error for the trial court to fail to deviate from the Guideline-mandated support amount pursuant to R.C. 3113.21.5(B)(3)(c), which provides that the court may consider unspecified "[o]ther court-ordered payments" in deciding whether to deviate. Failing that, Rozzi argues that "[e]quity alone demands that this court give some consideration to the fact that [Rozzi] must pay the sum of $1200.00 per month from his net earnings to his former spouse, Laura Bucci." Rozzi also insists that Daniel Lanier's income justifies a downward deviation in Rozzi's child support obligation.
As noted above, R.C. 3113.21.5(B)(3) provides that a court "may deviate from the amount of support that otherwise would result from the use of the schedule" where not deviating "would be unjust or inappropriate and would not be in the best interest of the child." (Emphasis added.) In determining what is unjust, inappropriate, or not in the best interest of the child, the court "may consider" any one of a number of factors, including "[o]ther court-ordered payments," R.C. 3113.21.5(B)(3)(c), and "[b]enefits that either parent receives from remarriage or sharing living expenses with another person." (Emphasis added.) R.C. 3113.21.5(B)(3)(h).
The above statutory language is far from mandatory. Whether or not to deviate from the child support guideline amount is within the trial court's discretion. Carpenter v. Reis (1996),109 Ohio App.3d 499, 504. We will not disturb such a determination unless the trial court abused its discretion by erring in a manner that implies an arbitrary, unreasonable, or unconscionable attitude in reaching its decision. Id. at 504-505.
The magistrate considered Rozzi's obligations to Laura Bucci and the fact that Rozzi is physically able to work full-time and does work full-time in finding "no reason to deviate from the child support schedule and that deviation would not be in Philip's best interests." We also note that nowhere does Rozzi indicate the amount of Daniel Lanier's income. The trial court adopted the findings of the magistrate and rejected Rozzi's objections thereto. The record does not disclose an abuse of discretion by the trial court. Rozzi's fifth assignment of error is overruled.
 V.
Rozzi's sixth assignment of error states:
 THE TRIAL COURT ERRED IN FAILING TO AWARD APPELLANT THE RIGHT TO CLAIM THE CHILD AS A TAX EXEMPTION
There is nothing in the record to indicate that Rozzi raised before the magistrate the issue of which parent would be awarded the income tax exemption for Philip. This issue's first mention is in Rozzi's objections to the magistrate's findings. There Rozzi argued that in view of facts that 1) his annual earnings are around $40,000; 2) he will gross less than that amount in the 1996 due to family leave and medical problems; 3) he has a $1,200 per month obligation to Laura Bucci; and 4) he now has a $498.21 monthly child support obligation, "[s]urely equity * * * would dictate that [Rozzi] receive the income tax exemption for Philip in this case." The trial court overruled Rozzi's objections and did not mention the income tax exemption for Philip in its decision and journal entry.
In his brief Rozzi presents for the first time his analysis of this issue in terms of R.C. 3113.21(C)(1)(f). Assumingarguendo that this argument is properly before this court,[1]
we note that that statute permits a trial court which "modifies, reviews, or otherwise reconsiders a child support order" to reconsider which parent may claim the children subject to the order as dependents for federal income tax purposes. As discussed above in our consideration of Rozzi's first assignment of error, the trial court in this case was creating a new child support order where none existed before, rather than modifying an existing order for support. Certainly neither "equity" nor R.C.3113.21(C)(1)(f) require that the trial court award Rozzi the right to claim Philip as a dependent for federal income tax purposes. Rozzi has not demonstrated that the trial court committed any error with respect to which parent gets to claim Philip as a dependent on his or her federal income tax return. Rozzi's sixth assignment of error is overruled.
Rozzi's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Medina Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ WILLIAM R. BAIRD
FOR THE COURT
DICKINSON, P. J.
SLABY, J. CONCUR.
[1] We need not address this argument as Rozzi raises it for the first time on appeal. See Thatcher v. Goodwill Inds. ofAkron (Jan. 2, 1997), Summit App. No. 17817, unreported, at 12.