OPINION
Appellant, John J. Thottam, appeals from the judgment entered in the Stark County Court of Common Pleas, Family Court Division, overruling appellant's objections and adopting the magistrate's decision regarding appellant's motion to modify his child support obligation; motion to modify prior orders regarding the expenses of post-secondary education; and motion to establish a date certain for the termination of child support payments. Appellant assigns as error:
 I. THE TRIAL COURT ERRED IN FAILING TO MAKE THE MODIFICATION OF APPELLANT'S CHILD SUPPORT OBLIGATION RETROACTIVE TO THE DATE OF THE FILING OF APPELLANT'S MOTION TO MODIFY.
 II. THE TRIAL COURT ERRED, IN CALCULATING THE AMOUNT OF APPELLANT'S CHILD SUPPORT OBLIGATION, BY INCLUDING THE SEPARATE INCOME OF APPELLANT'S PRESENT WIFE.
 III. THE TRIAL COURT ERRED IN ITS REFUSAL TO MODIFY APPELLANT'S OBLIGATION FOR POST-SECONDARY EDUCATION EXPENSES OF THE PARTIES' CHILDREN.
 IV. THE TRIAL COURT ERRED, IN CALCULATING THE AMOUNT OF APPELLANT'S CHILD SUPPORT OBLIGATION, BY REFUSING TO REVIEW THE EVIDENCE OF THE APPELLANT'S CONTINUING DECLINE IN INCOME IN 1996 TO THE DATE OF THE HEARING ON AUGUST 1, 1996.
 V. THE TRIAL COURT ERRED IN ADOPTING THE REASONING OF THE COURT OF APPEALS IN MAZZUCKELLI V. MAZZUCKELLI,
106 OHIO APP.3D, 545, 666 N.E.2D 620 (HAMILTON CTY. 1995), RATHER THAN THE DECISION OF THE OHIO SUPREME COURT IN IN RE DISSOLUTION OF MARRIAGE OF LAZOR, 59 OHIO ST.3D 102, 512 N.E.2D 66 (1991).
The within parties' marriage was dissolved by Decree entered August 4, 1986, which entry incorporated the parties' Separation Agreement executed on May 15, 1986. As part of the Separation Agreement, appellant agreed to pay the sum of $500 each month for each of the parties' two children and further agreed to pay for all medical, dental, hospital, prescriptive and optical expenses and further agreed to pay for private schooling for the children at both the primary and secondary levels. Appellant further agreed that he would pay for his children's college education.
In 1992, appellee, Sandra J. Thottam, nka Sandra J. Wilson, filed a motion seeking an increase in the child support obligation. After hearing the matter, the Stark County Court of Common Pleas, Family Court Division, granted appellee's motion and increased appellant's support obligation from $500 per month to $4,780.50 per child per month. The decision was affirmed by this Court, except as to the trial court's decision regarding the effective date of the modification.
On March 13, 1996, appellant filed a motion to modify his child support obligations, based upon a substantial change in his income; a motion to modify the trial court's prior orders regarding the payment of post-secondary education; and a motion to establish a date certain as to when the child support payments would terminate.
An evidentiary hearing was conducted and the magistrate found, based upon appellant's 1995 income, that a substantial change of circumstances justified the reduction in appellant's child support obligation to $3,633 per child per month, effective November 4, 1996, the date of the magistrate's decision. The magistrate further found that the court had no jurisdiction over the issue of appellant's obligation to pay for post-secondary education expenses. The magistrate further found that appellant was obligated to make child support payments until his children each completed high school, pursuant to R.C. 3103.03(B). Magistrate's decision was approved and adopted by the trial court on February 19, 1997. We now turn to appellant's assignments of error, in the order they were raised.
 I
Through his first assignment, appellant maintains the trial court erred in failing to retroactively modify the reduction of appellant's child support obligation to the date appellant filed his motion; to wit, March 13, 1996. We disagree.
The trial court has discretion to determine whether to retroactively apply a modification of an existing child support order to the date upon which the motion for modification was filed. See, Murphy v. Murphy, (1984), 13 Ohio App.3d 388, 389;Hamilton v. Hamilton (1995), 107 App.3d 132; Thottam v. Thottam
(Oct. 17, 1994), Stark App. No. 1994CA00007, unreported.
Furthermore, in Booth v. Booth (1989), 44 Ohio St.3d 142,144, the Ohio Supreme Court determined that an abuse of discretion standard is properly applied by an appellate court in reviewing matters concerning child support. Abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. See, Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. In reviewing the record before us, appellant has failed to demonstrate that the trial court's failure to retroactively apply the modification of his child support obligation to the date in which appellant filed his motion for modification was an abuse of discretion.
Accordingly, appellant's first assignment of error is hereby overruled.
 II
Through his second assignment, appellant maintains the trial court erred in calculating the amount of child support to be paid by appellant by including $31,500 of non-earned income generated by appellant's wife. We disagree.
The record indicates the trial court included only that non-earned income generated by appellant's wife which was directly related to voluntary transfers of appellant's property to his wife. In other words, the court determined that appellant was voluntarily reducing his own gross income by voluntarily transferring property to his spouse. We agree with appellee that this is akin to a parent who voluntarily is under-employed.
For these reasons, we cannot conclude that the trial court abused discretion by including the non-earned income of appellant's wife which was directly related to appellant's voluntary transfer of property to his spouse in calculating appellant's income.
Appellant's second assignment is hereby overruled.
 III
Through his third assignment, appellant claims the trial court erred in refusing to modify appellant's obligation for post-secondary education expenses of the parties' children. The trial court determined that it did not retain jurisdiction over this issue which was part of an agreed upon provision in the parties' Separation Agreement.
Although we agree with appellant that the trial court did retain jurisdiction to modify and/or review the provision regarding appellant's obligation to pay expenses related to his children's post-secondary education, we do not feel the trial court erred in not modifying that provision.
As stated earlier, this Court has a limited review of the trial court's decision and may not reverse such decision absent an abuse of discretion. We find nothing in the record that would demonstrate appellant was absolutely entitled to escape his agreed upon obligation to pay the expenses related to his children's post-secondary education. Accordingly, we believe the trial court did not abuse its discretion in refusing to modify appellant's obligation relating to post-secondary education expenses.
Appellant's third assignment of error is hereby overruled.
 IV
Through his fourth assignment of error, appellant claims the trial court erred in refusing to consider evidence of appellant's continuing decline in income in 1996.
It is axiomatic that the trial court is the finder of fact and the judge of credibility of witnesses. In this case, the record clearly demonstrates the trial court considered all evidence presented but chose to disbelieve certain evidence produced by appellant "[b]ased upon potential bias concerning this accountant's working relationship with the [appellant] and the speculative nature of his reports . . . ."
Nonetheless, appellant claims the testimony and evidence that the trial court found to be "biased" and/or "speculative" was supported by other testimony of a certified public accountant. This Court is not in the position of second guessing the trial court on matters of credibility. Instead, our role is limited to whether there is some evidence to support the trial court's determination and whether the trial court abused its discretion. The record demonstrates that there exists some evidence to support the trial court's determination and we find nothing to support a claim that the trial court abused its discretion.
Appellant's fourth assignment of error is hereby overruled.
 V
Through his fifth and final assignment, appellant maintains the trial court erred in finding that appellant's obligation to pay child support would continue beyond the eighteenth birthday of his children as long as the children continuously attended on a full-time basis any recognized and accredited high school. Appellant maintains this decision is contrary to the decision of the Ohio Supreme Court in In Re: Dissolution of Marriage of Lazor, (1991), 59 Ohio St.3d 102. More specifically, appellant claims that the parties agreed in the Separation Agreement that appellant's child support obligations would automatically cease once the parties' children reached the age of majority.
In Mazzuckelli v. Mazzuckelli (1995), 106 Ohio App.3d 554, the First District Court of Appeals reasoned that the amended provision of R.C. 3103.03(B) could be applied retroactively because it does not create a new obligation. In other words, when R.C. 3103.03(B) was amended after Lazor, supra, and after the subject separation agreement, to provide that the parental duty of support shall continue beyond the age of majority as long as the child continuously attends high school, such amendment did not "create a new, impose a new duty, or attach a new disability" on the father "in respect to transactions or considerations already passed." Mazzuckelli, supra at 559. We agree with the reasoning contained in Mazzuckelli and believe the trial court properly applied same to this case.
Appellant's fifth and final assignment of error is hereby overruled.
For the reasons states above, the judgment entered in the Stark County Court of Common Pleas, Family Court Division, in the within matter is hereby affirmed.
By: Hoffman, Sr., J. and Wise, J. concur.
Farmer, P.J. concurs in part and dissents in part.
 Dissenting in part and Concurring in part.