[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Defendants Country Club Acres, Inc.; Koehler Realty, Inc. and James C. Koehler ("Appellants" herein) appeal a judgment of the Court of Common Pleas of Hancock County finding the Appellants jointly and severally liable to Appellees Bruce and Pamela Hardy in the amount of $21,871. We reverse.
Appellees commenced the instant action against Appellants in August, 1996.[1] The complaint arose out of Appellees' purchase of a residential lot and alleged, inter alia, fraud, negligence and breach of fiduciary duties. Appellees prayed for both compensatory and punitive damages. Appellants subsequently filed answers to said complaint and pled several affirmative defenses including contributory negligence. The case was eventually tried to a jury in January, 1998.[2]
On January 16, 1998, the jury returned general verdict forms stating that they found in favor of Plaintiffs and against Defendants Country Club Acres, Inc.; Koehler Realty, Inc.; James C. Koehler and Eagle Ridge Development, Inc./Keith Lance.[3]
The jury also returned twenty-five interrogatories which provided more specific support for the general verdicts. For example, the jury returned interrogatories that stated that they did not find that any of the defendants acted fraudulently. They also found that Country Club Acres, Inc. did not breach its contract with Plaintiffs nor did it breach a particular subdivision regulation. The interrogatories, did however, state that the jury found that each of the Appellants and Defendant Eagle Ridge Development, Inc./Keith Lance were negligent and their actions proximately caused the Plaintiffs' damages. Moreover, the jury also found that Plaintiffs acted negligently and contributed to their loss.
Based upon its findings, the jury then returned an interrogatory which allocated the negligence of the parties as follows: Appellees were 20% negligent; Defendant Eagle Ridge Development, Inc./Keith Lance was 65% negligent and each of the Appellants was 5% negligent. In addition, the jury calculated Plaintiffs' award by taking the total amount of damages ($49,811.86) and subtracting the amount that represented Plaintiffs' failure to mitigate ($22,472.96) to arrive at an amount of $27,339. The trial court subsequently reduced the award to $21,871, however, because we were not provided with the entire record, this Court is unable to ascertain the reason for said reduction.
Counsel for Appellants and Appellees then submitted proposed judgment entries to the trial court. Said proposals differed markedly in that Appellants proposed that the court award damages severally. Appellees, on the other hand, proposed that the trial court award damages jointly and severally. On February 5, 1998, the trial court adopted Appellees' proposal and issued a judgment entry stating that Appellants were jointly and severally liable for $21,871. It is from this judgment that the instant appeal arose.
Appellants assert one assignment of error for our review:
 The Trial Court erred to the prejudice of Appellants Country Club Acres, Inc., James C. Koehler Realty, Inc. and James C. Koehler by entering judgment for damages against these Appellants jointly and severally in the sum of $21,871.00 [sic] each instead of severally in the sum of $1,366.95 each.
Appellants base this assignment of error on two separate arguments. First, Appellants argue that the new tort reform laws should apply to the case at bar. We disagree.
The new tort reform legislation, which became effective on January 27, 1997, created a change in which economic damages are calculated among multiple tortfeasors. For example, the latest version of R.C. 2307.31 states, in relevant part:
 If division (B)(1)(a) of this section [where one of the defendants is found to be more than fifty per cent negligent] is applicable, each defendant who is determined by the trier of fact to be legally responsible for the same injury or loss to person or property * * * and to whom fifty per cent or less of the negligence or other tortious conduct, in relation to one hundred per cent, is attributable shall be liable to the plaintiff only for that defendant's proportionate share of the compensatory damages that represent economic loss.
Therefore, joint and several liability is no longer applicable among multiple torfeasors who are found to be less than fifty per cent negligent[4]. Although the above statute became effective approximately five months after Appellees filed their initial complaint, Appellants urge this Court to apply it retroactively to the case at bar. We decline to do so because the language contained in R.C. 2307.31 provides no indication that the legislature intended said statute to be applied retroactively.
The Revised Code has created an interpretive presumption through R.C. 1.48, which states that "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." In addition, relevant case law has established the following:
 [T]he analysis that pertains to issues of retrospective application of statutes has recently evolved to require a threshold inquiry into whether the General Assembly has specified that a given statute is to be given retroactive effect. In the absence of such a specification, retroactivity is, quite simply, foreclosed * * *.
 Mazzuckelli v. Mazzuckelli (1995), 106 Ohio App.3d 554, 558. Thus, since R.C. 2307.31 contains no specific language establishing an intent for retroactivity, we must presume that said statute is to be applied prospectively only.
Nonetheless, Appellant also argues that we should apply the new rule regarding several liability to the case at bar through the retroactive language contained in R.C. 2315.21, which is titled "Recovery of compensatory, punitive, or exemplary damages in tort action; burden of proof." We find this contention to be without merit as well. Although R.C. 2315.21(G) specifically states that it shall be applied to cases that were pending as of January 27, 1997, said statute is not relevant to the issue before us.
Particularly, R.C. 2315.21 sets forth certain trial procedures in cases where the plaintiff has demanded both compensatory and punitive damages. Although the Plaintiffs in this case did seek an award for both types of damages, the issue of punitives became moot after the jury rejected Appellees' claims of fraud. Moreover, the statute does not address how such damages are to be apportioned among multiple tortfeasors. We find that the statute is irrelevant to our inquiry, thus, we cannot conclude that the retroactive language contained in R.C. 2315.21 applies to a reading of R.C. 2307.31.
Although we have rejected Appellants' statutory interpretations, we find that Appellants' second argument has merit. Specifically, Appellants contend that prior to the final judgment being rendered, the parties stipulated that joint and several liability would not apply. The trial court addressed this argument in its February 5, 1998 judgment entry and stated that after reviewing the pertinent parts of the transcript it found "no specific references to the issue of joint and several liability as applicable to the comparative negligence verdict."
The relevant portion of the transcript reads as follows:
 Mr. Fitzgerald: Judge, it is agreed with counsel that the general verdict forms specifically do not have dollar amounts and that the interrogatories are tailored and designed to assess each individual defendant's responsibility as to a claim.
Mr. Rakestraw: If any.
 Mr. Fitzgerald: If any, and that we are asking you, then, in turn, due to the complexity of the case, to harmonize the interrogatories with the general verdict and beyond that, I thought there was an additional stipulation that whatever the net plaintiffs' damages are, if any, in the aggregate, everyone is agreeing they can only collect those one time from the defendants dependant on how the responsibility of defendant is allocated in the interrogatories. (Emphasis added)
All attorneys then agreed to the stipulations presented. We are mindful that counsel failed to make a clear record by using language that was inartful at best. However, through a careful examination we interpret the final sentence to mean that each party agreed that if the plaintiffs were entitled to recover any damages, they would be able to collect from each defendant based upon the jury's allocation of fault only. Although the term "joint and several liability" was not used, the foregoing requires us to conclude that the parties agreed to enter judgment against each defendant severally based on the loss attributable to the negligent conduct of each defendant.
Appellants' assignment of error is sustained.
Having found error prejudicial to the Appellant herein, in the particulars argued and assigned, we reverse the judgment of the trial court. The case is remanded to the trial court for further proceedings in accordance with this opinion.
Judgment reversed and cause remanded.
 SHAW, P.J., and HADLEY, J. concur.
[1] In addition to Appellants, Eagle Ridge Development, Inc./Keith Lance; Noakes-Rooney Associates, Inc. and Marianne Anning were also named as defendants, however, they are not parties to this appeal.
[2] The trial was bifurcated wherein the first stage was comprised of the presentation of evidence concerning compensatory damages and whether fraud existed to justify the award of punitive damages.
[3] The jury found in favor of Defendants Noakes-Rooney 
Associates, Inc. and Marianne Anning on all claims.
[4] The former version of R.C. 2307.31, which became effective in 1988, adopted joint and several liability among multiple tortfeasors regardless of each defendant's percentage of fault. The statute further provided for the right of contribution.