[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 500.]

HOELSCHER, APPELLEE, *v.* HOELSCHER; FAIRFIELD COUNTY CHILD SUPPORT ENFORCEMENT AGENCY, APPELLANT.

[Cite as *Hoelscher v. Hoelscher*, 2001-Ohio-103.]

*Domestic relations—Parent's child support obligations pursuant to a child support order continue beyond the age of majority, when—R.C. 3103.03, as amended, supersedes In re Dissolution of Marriage of Lazor.*

(No. 00-961—Submitted February 6, 2001—Decided May 30, 2001.)

APPEAL from the Court of Appeals for Fairfield County, No. 99-CA-50.

_____

SYLLABUS OF THE COURT

1. A parent's child support obligations pursuant to a child support order continue beyond the age of majority so long as the child continues to attend a recognized and accredited high school on a full-time basis, in accordance with R.C. 3103.03, even if contradicted by the express terms of a child support agreement.

2. R.C. 3103.03, as amended, supersedes *In re Dissolution of Marriage of Lazor* (1991), 59 Ohio St.3d 201, 572 N.E.2d 66.

_____

LUNDBERG STRATTON, J.

{¶ 1} We are asked to determine whether *In re Dissolution of Marriage of Lazor* (1991), 59 Ohio St.3d 201, 572 N.E.2d 66, remains good law in light of the 1992 amendment to R.C. 3103.03. For the reasons that follow, we hold that a parent's child support obligations pursuant to a child support order continue beyond the age of majority so long as the child continues to attend a recognized and accredited high school on a full-time basis, in accordance with R.C. 3103.03, even if contradicted by the express terms of a child support agreement. In so holding,

we recognize that R.C. 3103.03, as amended, supersedes *In re Dissolution of Marriage of Lazor.*

{¶ 2} Richard C. Hoelscher and Donna L. Hoelscher dissolved their marriage on August 18, 1975. At the time, Donna L. Hoelscher was pregnant. The parties executed a separation agreement that was incorporated into the dissolution order, which provided that Mr. Hoelscher would pay $35 per week "for support of their minor child" after the child was born.

{¶ 3} The child was born on November 25, 1975, yet Mr. Hoelscher never paid support following the birth of the child. In 1989, appellant, Fairfield County Child Support Enforcement Agency ("CSEA"), filed a contempt action against Mr. Hoelscher for failure to pay the court-ordered child support. The parties eventually signed an agreed entry that established child support arrearages as of December 1, 1989. The entry also provided that Mr. Hoelscher would continue to pay $35 per week for support of the minor child, plus $10 per week against the arrearage until the child reached age sixteen. Thereafter, Mr. Hoelscher was to pay $35 per week in support and $25 per week toward the arrearage. When the child turned eighteen, Mr. Hoelscher would pay $75 per week. The entry is silent as to whether payments of $75 after age eighteen and before high school graduation are a continuation of child support or are to be applied toward arrearages only.

{¶ 4} On November 25, 1993, the child turned eighteen; however, the child did not graduate from high school until June 11, 1994.

{¶ 5} In August 1998, CSEA filed a motion for arrearages in the amount of $991.72 that CSEA alleged had accrued at the rate of $35 per week from the child's eighteenth birthday until graduation from high school. The trial court, interpreting the 1989 agreed entry, determined that Mr. Hoelscher was obligated to continue the $35 per week child support payments after the child turned eighteen so long as the child continued as a student on a full-time basis at an accredited high school. The

court of appeals reversed the judgment of the trial court on the authority of *In re Dissolution of Marriage of Lazor*, 59 Ohio St.3d 201, 572 N.E.2d 66.

{¶ 6} This cause is before this court upon the allowance of a discretionary appeal.

{¶ 7} In *Lazor*, this court was faced with a similar question under a former version of R.C. 3103.03.[1] A sharply divided court relied on contract principles to hold, "where the parties to a separation agreement agree that the obligation to make child support payments will terminate when the child reaches the 'age of majority,' the obligation to make support payments terminates when the child reaches his or her eighteenth birthday unless the parties specify some other definition of the phrase 'age of majority.' " *Id.* at paragraph two of the syllabus.

{¶ 8} The court recognized that a parent has an independent statutory duty under R.C. 3103.03 to "support" a child so long as the child continuously attends an accredited high school on a full-time basis even after the child has attained the age of majority. The court acknowledged that a written agreement between the parents cannot abrogate a parent's independent statutory duty to provide support for the child. Both parents remained liable to the child still attending high school to provide "necessaries," a term the court did not define or elaborate upon. Nevertheless, the *Lazor* court relied upon the contract between the parents to conclude that a parent's obligation to make *scheduled* child support payments terminated in accordance with the terms of the agreement.

{¶ 9} The *Lazor* court limited its holding to the parent's obligation under the separation agreement and did not terminate the parent's ultimate obligation to support the child. However, confusion resulted over what constituted "support"

---

1. In 1989, when the child in *Lazor* turned eighteen, R.C. 3103.03 provided:

"Notwithstanding section 3109.01 of the Revised Code, the parental duty of support to children shall continue so long as the child continuously attends on a full-time basis any recognized and accredited high school, even when such child has attained the age of majority." 135 Ohio Laws 7, 19.

after the eighteenth birthday but before high school graduation. The practical effect of *Lazor* was to allow a parent to walk away from court-ordered support payments for an eighteen-year-old even though the child continued to attend high school. While the parent remained obligated by statute to "support" the child, the *Lazor* court did not elaborate upon what form a parent's "ultimate obligation to support" the child might take, whether monetary or merely nurturing and emotional support. Litigation then became necessary to determine what otherwise constituted sufficient "support."

{¶ 10} As a result, the General Assembly amended R.C. 3103.03 in 1992 in response to *Lazor*. 144 Ohio Laws, Part I, 134, 150. R.C. 3103.03(B) now provides as follows:

"Notwithstanding section 3109.01 of the Revised Code, the parental duty of support to children, *including the duty of a parent to pay support pursuant to a child support order*, shall continue beyond the age of majority as long as the child continuously attends on a full-time basis any recognized and accredited high school."[2] (Emphasis added to show the 1992 amendment.)

{¶ 11} Subsequent to the 1992 amendment to R.C. 3103.03, several appellate courts concluded that R.C. 3103.03(B) overrode *Lazor* and controlled even where the terms of the written instrument between the parties terminated the parent's support obligation at the age of majority. See *Ballmer v. Ballmer* (Aug. 21, 1998), Lucas App. No. L-98-1033, unreported, 1998 WL 526777; *Smith v. Smith* (1997), 119 Ohio App.3d 15, 694 N.E.2d 476; *Farra v. Farra* (Oct. 18, 1996), Montgomery App. No. 15890, unreported, 1996 WL 596536; *Mazzuckelli v. Mazzuckelli* (1995), 106 Ohio App.3d 554, 666 N.E.2d 620. We agree with the analyses of these districts and reject the interpretation of the Court of Appeals for

---

2. The statute has since been amended to add the following language:

"Except in cases in which a child support order requires the duty of support to continue for any period after the child reaches age nineteen, the order shall not remain in effect after the child reaches age nineteen." 147 Ohio Laws, Part II, 2606, 2661.

Fairfield County in this case. It is clear that the General Assembly intended to clarify that court-ordered child support payments were to continue for an eighteen-year-old child as long as the child attends high school despite any agreement to the contrary, even when the agreement is incorporated into a court order. The 1992 amendment clarifies the meaning of "support" for that limited period of time after a child reaches age eighteen until he or she completes high school. Certainly a child's financial needs would change little during these months.

**{¶ 12}** Therefore, we hold that R.C. 3103.03 supersedes *Lazor* and mandates that the parent is obligated to continue making support payments, in accordance with the terms of the agreement, while the child is attending high school, even if the document specifies another termination date. We reverse the judgment of the court of appeals and reinstate the order of the trial court.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____

*R.C. Stoughton, Sr.*, for appellee.

*Kathy S. Mowry* and *Jeffrey F. Bender*, for appellant, Fairfield County Child Support Enforcement Agency.

_____